STATE OF MISSOURI, TO USE OF JACOB B. LADD, Defendant in Error, *v.* WILLIAM W. CLARK *et al.*, Plaintiffs in Error.

1. *Statutory Actions — Averments.* — In a statutory action against a constable for wrongful attachment, the petition need not declare specifically that at the time of the attachment and levy the plaintiff was not a non-resident, nor was about to remove out of the State with intent to change his domicile.

2. *Practice — Statutory Action — Proviso, must be pleaded.* — If the proviso contained in a statute furnishes matter of excuse for the defendant, it need not be negatived in the petition, but he must plead it. And it makes no difference whether the proviso be contained in the enacting clause or be subsequently introduced in a distinct form. It is the nature of the exception, not its location, which ought to govern.

3. *Practice — Statutory Action — Exceptions in Statute — Pleading.* — Where in the same section of the statute in which the right of action is given the exception is contained, and it clearly appears that the plaintiff cannot maintain his cause of action without negativing the exceptions, then the petition must be so framed as to show specifically that the party sued is not within such exceptions. But if plaintiff's right of action is complete under a statute, and there is a provision or exception either in that or some other statute which may be made available to defeat it, then the matter must be taken advantage of by way of defense.

*Appeal from Buchanan Circuit Court.*

The facts material to this case appear sufficiently in the opinion of the court.

*Wm. H. Sherman*, for plaintiffs in error.

I. Gen. Stat. 1865, p. 564, § 19, provides as follows: " Under an attachment the officer shall be authorized to seize as attachable property the defendant's account - books, accounts, notes, etc., * * * * * as well as his`other property, real, personal, and mixed, etc., * * * but no property or wages declared by statute to be exempt from execution shall be attached, except in the case of a non-resident defendant, or a defendant who is about to move out of the State with intent to change his domicile." If the defendant in error bases his cause of action upon the exemption made by this section of the statute, he must show in his petition every fact which will bring his cause within it. Statutes of exemption are strictly construed. (Sedg. on Stat. &

Const. Law, pp. 344–6.) The exemption is the exception to the general rule of law which subjects the property of a judgment debtor to the payment of his debts, and he who claims such an exemption must affirmatively show the facts in his petition which warrant it. The petition should negative the exception contained in the clause which enacts the exemption. (Sedg. on Stat. & Const. Law, 62–3; 1 Chit. Plead. 256–7; Trustees *et al.* v. Utica & Sch. R.R. Co., 6 Barb. 313; Teel v. Fonda, 4 Johns. 304; Brutton v. State, 4 Ind. 601–2; Speers v. Parker, 1 T. R. 141; Thibault v. Gibson, 12 Mees. & W. 88; Vavasour v. Ormond, 6 B. & C. 430; Williams v. Hingham, 4 Pick. 341; Comm. v. Maxwell, 2 Pick. 139; Smith v. Moore, 6 Me. 240; State v. Gurney, 37 Me. 149; State v. Somers, 3 Verm. 156; State v. Barker, 18 Verm. 195; Bartlett v. Crozier, 17 Johns. 456.) An exception in the enacting clause of a statute must be negatived by the pleader, but when the exception is in the nature of a proviso its provisions become matters for the defense. (Sedg. on Const. & St. Law, 62; State v. Miller, 24 Conn. 522; 1 Chit. on Crim. Law, 284–5.)

II. In all cases where, by the law of this State, any person is authorized to prosecute a suit to his own use on any official bond, he shall sue in the name of the State or other obligee named in the bond, stating in the process, pleadings, proceedings, etc., that the same is brought in the relation and to the use of the person so suing. (Gen. Stat. 1865, p. 605, § 15.) Where a remedy is sought under a statute, all of the requirements of the statute must be contained in the petition therefor. (Edmiston v. Edmiston, 2 Ohio, 392; 8 Ohio, 292–3; Hull v. State, 20 Ohio, 7; 1 Penn. St. 154; 38 *id.* 273; 7 Hill, 575; 7 Blackf. 556; 9 Shepley, Me., 541.) Now, though the "title" of plaintiff's petition states that "the State of Missouri to the use of Jacob B. Ladd" is plaintiff, the petition does not by allegations therein show that plaintiff is the relator in this case, or that this case is prosecuted for his use and benefit. (State to use of Tapley's Adm'r v. Matson, 38 Mo. 489.) The allegations in plaintiff's petition seem to suggest that this cause is prosecuted more especially by and for the State than for any injured relator.

The petition does not show that Ladd has any part or "hand" in the prosecution of this action.

*Bennett & Pike*, for defendant in error.

I. The suit is properly brought in the name of the State of Missouri, to the use of said Ladd, as plaintiff. See 35 Mo. 385, where the same objection was made and entirely disregarded by the Supreme Court.

II. It is not necessary to negative the exception in the clause upon which the action is founded, to-wit: the last part of § 19, p. 564, Gen. Stat. 1865. 1. Because the petition shows affirmatively that said Ladd was living, at the time of the seizure of said property, with his family in this county, thus in terms negativing non-residence or attempted removal from the State. 2. After words of general prohibition in a statute or clause, an exception or proviso in the statute or clause need not be negatived, but must be pleaded by the defendant. (24 Conn. 522; 5 Bacon's Abridg. 90, 91.) 3. Where the proviso or exception forms no part of plaintiff's title or cause of action, but merely furnishes excuse or defense for the defendant, it need not be negatived, but must be set up by the defendant. (3 Johns. 438; 4 Johns. 304.)

WAGNER, Judge, delivered the opinion of the court.

The only question material to be noticed in this court is the sufficiency of the petition. There can be no doubt about the justice of the judgment; and if the plaintiff's petition contains the requisite and necessary averments, the judgment should be affirmed. The action was based on an official bond, given by the defendant Clark and others, and was conditioned that Clark should faithfully perform the duties of constable of Washington township in Buchanan county.

The breaches assigned were in substance that, before and at the time of committing of the grievances by the defendant Clark, the plaintiff Ladd was the head of a family consisting of his wife and several children, and was keeping house and living with his family in the said township of Washington; that Ladd was insolvent; that all the property of every kind and description that he owned

or was possessed of consisted of household and kitchen furniture, then used by him in his housekeeping, and was necessary for his family; that said household and kitchen furniture was not worth the sum of $300. Yet the said defendant Clark, well knowing that said goods and chattels were not liable to attachment, did, as constable of said township, by virtue of a writ of attachment issued by a justice of the peace, attach, levy upon, and sell, a portion of the furniture, etc. The petition then set out with sufficient particularity the goods attached, their value, the amount for which they were sold, and the damages resulting therefrom.

The attachment act declares what property the officer shall be authorized to seize as attachable, but expressly provides that no property or wages declared by statute to be exempt from execution shall be attached, except in the case of a non-resident defendant, or of a defendant who is about to move out of the State with intent to change his domicile. (Gen. Stat. 1865, p. 564, § 19.)

The statute under the title "Execution" exempts from levy and sale personal property of the value of $300 when owned by the head of a family.

It is now insisted, and it is the principal ground relied upon by the plaintiffs in error, that the petition is fatally defective and sets out no cause of action, because it does not negative the exceptions contained in the nineteenth section of the attachment act and specifically declare that at the time of the attachment and levy the plaintiff was not a non-resident, nor was he about to remove out of the State with intent to change his domicile. There can be no difficulty with regard to the first exception, as the petition states explicitly that the plaintiff was residing at the time with his family in the said township of Washington. This, though not in the language of the statute, amounts to a substantial allegation that he was not a non-resident. As a general rule he who would entitle himself to an action upon a statute must allege all the facts upon which the statute grounds the action, and if he fails to do so in his petition he cannot have judgment. (Bartlett v. Crozier, 17 Johns. 456; Williams v. Hingham, 4 Pick. 341.) In both civil and penal actions enough must be stated in the

declaration, or must be necessarily inferable from what is stated, to show a perfect right of action. The law seems to have firmly settled a distinction between an exception in the purview of an act and a proviso.

In the case of Spiers v. Parker, 1 T. R. 141, Mr. Justice Ashurst said that " any man who will bring an action for a penalty on an act of Parliament must show himself entitled under the enacting clause; but if there be a subsequent exemption, that is a matter of defense, and the other party must show it to exempt himself from the penalty." Mr. Justice Butler said : " I do not know any case for a penalty on a statute where there is an exception in the enacting clause, that the plaintiff must not show that the party whom he sues is not within it." And it has been said that where an action is given by statute, and in another section or subsequent statute exceptions are enacted, the plaintiff need not take notice of these exceptions, but may leave it to the defendant to set them up in his defense. But where the exception or limitation is contained in the same section which gives the right of action, the plaintiff must negative the application of them to his ground of action. (4 Pick. 347.)

The more reasonable rule, however, is this : If the proviso furnishes matter of excuse for the defendant, it need not be negatived in the petition, but he must plead it. And in this view of the matter it makes no difference whether the proviso be contained in the enacting clause or be subsequently introduced in a distinct form. It is the nature of the exception, and not its location, which ought to govern. (Sheldon v. Clark, 1 Johns. 513 ; Bennett v. Hurd, 3 Johns. 438 ; Teel v. Fonda et al., 4 Johns. 304.) Where in the same section of the statute that the right of action is given the exception is contained, and it clearly appears that the plaintiff cannot maintain his cause without negativing the exceptions, then his declaration or petition must be framed in conformity with the rules above laid down. But if his right of action is complete under a statute, and there is a provision or exception either in that or some other statute which may be made available to defeat it, then the matter must be taken advantage of by way of defense.

Now, the action in this case was brought under the chapter in the statute providing for bringing suits on penal bonds for an alleged trespass in taking and selling personal property exempt by law. Everything is stated necessary to give the plaintiff a cause of action, and the defendant should have pleaded the proviso or exception contained in the nineteenth section of the attachment act in his defense, if he desired to exonerate himself from liability.

We therefore see no error in the judgment of the District Court, and its judgment is affirmed. Judge Fagg concurs.