RUNALD McMILLAN vs. CHRISTOPHER W. CHEENEY and another.

30 519
f64 490

July 3, 1883.

Statute of Limitations—Action to set aside Deed obtained by Fraud.— An action to set aside deeds of real estate, obtained by "threats, intimidation, and undue influence," is an action for relief on the ground of fraud, and subject to a limitation of six years, notwithstanding the fact that, as an ultimate consequence of setting the same aside, it is in the same action asked that the title to the real estate be adjudged to be in the actor, and that he recover possession thereof.

Same—Negativing Exceptions in Plea.—It is not necessary, in a plea of a statute of limitations, to negative exceptions to the same.

Conveyance from Wife to Husband through Third Party.—The common-law rule and the statutory rule, forbidding conveyances of real estate between husband and wife, refer only to conveyances from one to the other directly, and not to indirect conveyances through a third person.

Action to determine adverse claims, brought by plaintiff in the district court for Hennepin county, in 1882. Defendants, in their answer, set up, as a cause of action, fraud on the part of the plaintiff, in obtaining a conveyance of the property in question, in 1871, from their mother, who died in 1878, and whose heirs they are. In his reply, the plaintiff pleaded the statute of limitations to the defendants' cause of action. On plaintiff's motion, judgment in his favor on the pleadings was ordered by *Shaw, J.*, and defendants appeal from the judgment so entered.

*Seagrave Smith*, for appellants.

The main question in this case is the recovery by the defendants of the real estate in question. The prayer to have the deeds referred to in the answer set aside is only collateral to that question. *Wright* v. *Leclaire*, 3 Iowa, 221; *Phares* v. *Walters*, 6 Iowa, 106; *Williams* v. *Allison*, 33 Iowa, 278; *Inhabitants of Worcester* v. *Eaton*, 13 Mass. 371; *Carr* v. *Thompson*, 87 N. Y. 160. The defendants base their right to recover on the ground that the deed under which plaintiff claims is void. The section of the statute of limitations relied on by the court below applies to "an action for relief on the ground of fraud." The

defendants do not ask for relief or for damages, and, if they did, the statute would be a bar. Their cause of action is ejectment, to recover the property, and is not barred by the statute until the expiration of twenty years. "It is a familiar principle that a statute of limitations should not be applied to cases not clearly within its provisions." *Baker* v. *Kelley*, 11 Minn. 358, (480, 492;) *Hazel* v. *Shelby*, 11 Ill. 9; *Marvin* v. *Lewis*, 61 Barb. 49; *Stanley* v. *Morse*, 26 Iowa, 454; *Williams* v. *Allison*, supra.

*F. Hooker* and *F. B. Hart*, for respondent.

BERRY, J. This is the statutory action to determine an adverse claim. The position of defendants, as appears by their answer and admissions upon the trial, is, in substance, this: They admit that the legal title of the property in dispute is in plaintiff, and that he is in possession. But they allege that they are the children and heirs-at-law of Sarah Cheeney, who, by intermarriage with plaintiff, became Sarah McMillan; that she being the owner of the property at the time of such marriage, (the same having been given to her by defendants,) plaintiff, with intent and for the purpose of cheating and defrauding defendants, as her heirs-at-law, out of the same, by preventing it from descending to them, and to secure it for himself, "by threats, intimidation, and undue influence, made and practised by him towards" her, and without paying any consideration therefor, shortly after the marriage, to wit, on October 5, 1871, procured the property to be conveyed to himself, through a third person. Sarah McMillan died September 11, 1878, more than six years after the consummation of the alleged fraud. Defendants, in their answer, allege that they are the owners of the property in law and equity, and entitled to its possession, and demand judgment that the deeds by which the conveyance to plaintiff was accomplished be declared void and set aside, that the property be adjudged in defendants, and its possession awarded to them.

The principal question presented is, whether defendants' cross-action, set up in their answer,—*Eastman* v. *Linn*, 20 Minn. 387, (433,) —is one for relief on the ground of fraud, which may be commenced within six years after the cause thereof accrued, or an action for recovery of real property, which may be commenced within twenty years

from the time when the plaintiff, or the person under whom he claims, was seized or possessed thereof. The learned judge by whom the case was heard below, was of opinion that it was the former, and gave judgment for plaintiff accordingly. We think he was right. The cross-action which defendants have in effect instituted by their answer, while, as respects its ultimate purpose, it is an action for the recovery of real property, is an action in which this recovery is sought as a consequence of relief upon the ground of fraud. Unless relieved from the fraud, defendants will have no standing to recover the property, as, without this relief, the legal title will remain in the plaintiff; for, admitting the fraud, the deeds through which plaintiff obtained his title are simply voidable, not void. The gist and essence of the cross-action is, then, relief from the fraud and fraudulent conveyances, (by means of which plaintiff acquired his title,) so as to put defendants in a position to recover the property. The cross-action is, then, essentially one for relief on the ground of fraud. The right of action (if any) for this relief accrued to Mrs. McMillan during her life, and immediately upon the accomplishment of the fraud, in October, 1871. The right to maintain it was, therefore, barred before her death, which occurred more than six years after that time. We have examined the authorities cited by counsel upon the question which we have been considering, but none of them appear to be of sufficient weight to require particular comment or citation here.

The defendants' counsel, if we understand his point, insists that the plea of the statute of limitations set up in plaintiff's reply is insufficient, because it does not negative the exceptions to the application of the statute, and that defendants might establish some of these exceptions and defeat such application. It is not necessary to negative such exceptions by the plea. They are in the nature of matters of defence to come from the other side. *Sublette* v. *Tinney,* 9 Cal. 424; *Boyd* v. *Blankman,* 29 Cal. 19. Without doubt, defendants had the right to prove exceptions, but they made no attempt or offer to do so in this case.

The position that the deeds by which plaintiff acquired title are void, both at common law and by our statute, (Gen. St. 1878, c. 69, § 4,) which provides that "no contract between a husband and wife,

the one with the other, relative to the real estate of either, or any interest therein, shall be valid," would be startling if it were sound. As respects conveyances of real estate, the rule, both of common law and the statute, has always been understood as referring to conveyances directly from a wife to her husband, or *vice versa*, and not to indirect conveyances, from one to the other, through a third person. Any other doctrine would unsettle thousands upon thousands of titles in this state and elsewhere.

Judgment affirmed.