STATE OF MISSOURI *ex rel.* JAMES F. DOUGHERTY, Respondent, v. WILLIAM BEYERS *et al.,* Mayor and City Council of the City of Carthage, Appellants.

Kansas City Court of Appeals, May 19, 1890.

1. **Mandamus:** PLEADING : OFFICE OF RETURN. In *mandamus* proceedings under the Missouri practice, the alternative writ is regarded as the petition and the return thereto as an answer, and, if any distinction exists, it would seem that even greater strictness is required in the fulness or completeness of the return than in the answer; it must not merely show a *prima facie* right in the respondent, but a right to refuse the writ.

2. ———— : ———— : WHAT RETURN SHOULD SHOW. In a *mandamus* proceeding seeking to compel the levy of a tax to pay a judgment against a city, where the return admits the existence of the judgment and seeks to avoid the levy of the tax by showing that, under the state constitution, the city can only levy fifty cents on the hundred dollars' valuation of taxable property, and that, prior to the institution of such proceeding, the city council had already levied up to that limit, and that, in said levy, there would be no sum with which to pay said judgment, and that all money which that tax would raise would be needed for the purposes levied, such return, on demurrer, is *held* bad, in that, it fails to show for what account the judgment owned by the relator was rendered, whether the indebtedness existed at the adoption of the constitution, or was created since ; the exception to the limitation of taxation being contained in the same section of the constitution as the limitation itself, it rests upon those seeking the protection of the section to negative the exception, and show, as in this case, that the matter demanded is not within the exception.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*Howard Gray*, for appellants.

(1) The court erred in sustaining the motion for the peremptory writ, as the return set up three good reasons why the writ should not issue: *First.* That appellants had, prior to the commencement of this cause, caused to be levied upon the taxable property in the city the full amount of taxes that the law would permit them to levy, and that in said sum so levied would be no sum with which to pay the said judgment. *State ex rel. v. Rainey*, 74 Mo. 229; *State ex rel. v. Macon County*, 68 Mo. 29. Any additional levy would have been a nullity and the tax so levied could not have been collected. *Arnold v. Hawkins*, 95 Mo. 569. *Second.* That all taxes which the city of Carthage had power to levy and collect were needed to carry on the city government and to defray the ordinary expenses of the city, and that if they were compelled to make any additional levy, or to pay this said judgment out of any tax levied, it would disorganize the city government. *State ex rel. v. Macon County*, 68 Mo. 29 ; *Grant v. City of Davenport*, 36 Iowa, 401 ; *Coffin v. City of Davenport*, 26 Iowa, 315 ; *French v. Burlington*, 42 Iowa, 618 ; *Von Hoffman v. City of Quincy*, 4 Wall. 549. *Third.* That appellants were under no special obligation to provide for the payment of said judgment ( and this was admitted to be true by the motion for peremptory writ). *Hambleton v. Town of Dexter*, 89 Mo. 188 ; *State ex rel. v. Justices of Town of Pacific*, 61 Mo. 155. The city of Carthage being under a special charter, the court could not take judicial notice of the powers of the city council. (2) The judgment cannot stand when appellants in

their return stated that they had already caused to be levied upon the taxable property in the city a tax equal to double the amount allowed by law ; it was error for the court to render a judgment that they proceed within thirty days to make an additional levy to pay this judgment. *Hambleton v. Town of Dexter*, 95 Mo. 569 ; *State v. Rodman*, 43 Mo. 256. ( 3 ) The motion in arrest should have been sustained, as the tax levied in obedience to the judgment could not be collected. *Hambleton v. Town of Dexter*, 95 Mo. 569.

No brief for respondent.

GILL, J.—Appellants' counsel has furnished the following, which he denominates "abstract of the record," and to which alone he must look for an understanding of this controversy : "On the third day of June, 1889, respondent filed his petition in the Jasper circuit court, asking for *mandamus*, setting up the following grounds : *First*. That a judgment had been rendered against the city of Carthage, in the circuit court of Jasper county. *Second*. That an execution had been issued and returned unsatisfied. *Third*. That the appellants were the mayor and city council of said city, and that the petitioner was the assignee for value of said judgment. Such petition duly alleged the incorporation of the city, and stated that the respondent was without any adequate remedy at law, and in all other respects was sufficient as to form. The appellants being duly served appeared in court, and, on the thirteenth day of June, filed their return, admitting the allegations in respondent's petition to be true, but set up as reasons why the peremptory writ should not issue : *First*. That the city of Carthage is a city with less than ten thousand and more than one thousand inhabitants, and is prohibited by the constitution of the state of Missouri ( section 11, article 10 ) from levying a tax exceeding fifty cents on the hundred dollars'

assessed valuation of the property in the city for all
purposes, whether general or special, for any one year,
and that, on the third day of June, 1889, prior to the
time appellants had been served with a process in
this cause, they had, by ordinance, duly passed and
approved, levied upon the taxable property of the city
of Carthage, for general purposes, a tax of fifty cents
on the one hundred dollars' assessed valuation, and the
further tax of fifty cents on the one hundred dollars'
on the said valuation for special purposes ; that, in said
sum so levied, as the regular annual levy of said city,
for the year 1889, would be no sum with which to pay
the said judgment, and that all money which the tax
would raise would be needed for the purposes levied.
*Second.* That the city had no power to levy a tax
in excess of fifty cents on the one hundred dollars'
assessed valuation of the property located in the city,
and that the property within the city was one million,
six hundred thousand dollars, and that all revenue that
a tax of fifty cents would raise would be needed, and
all sums derived from any other sources of revenue
which the city had to carry on the ordinary expenses
of the city government; and that if the peremptory
writ issue it would disorganize the city government to
to pay the said judgment out of the tax which the
said city is allowed to levy.    *Third.* That there
was no special obligation on the part of appellants to
provide for the payment of said judgment.    On the
same day respondent filed motion for peremptory writ
( admitting the allegations in the return to be true).
On the twenty-seventh day of June, the cause coming
on for hearing, the court sustained the motion for per-
emptory writ, to which action of the court the appel-
lants then and there excepted.''    After an unsuccessful
motion for a new trial, defendants bring the cause here
by appeal.

I.    From this very meager presentation of the case,
we assume that plaintiff Dougherty, the holder of a

judgment against the city of Carthage, and after an unsuccessful effort to get satisfaction by execution, applied to the court below for a writ of *mandamus* to compel defendants, the officers of said city, to levy and collect a tax sufficient to pay said judgment. In defense, and by way of return to the alternative writ, defendants, while admitting the matters charged by plaintiff, yet sought to defeat the action by a showing, in said return made, that they had already, for the year 1889, made a levy fully up to the constitutional limit, made applicable to cities of less than ten thousand, and more than one thousand, inhabitants (such as is the class to which Carthage belongs), as provided in section 11, article 10, constitution of Missouri, and that, therefore, they ought not to be compelled to make an additional levy to pay plaintiff's judgment. It seems that in the opinion of the circuit court the return was held insufficient to justify a refusal to make the levy, and in such holding we concur.

In *mandamus* proceedings, under our practice, we regard the pleadings "much after the fashion" of pleadings in ordinary cases—the alternative writ being regarded as the petition, and the return thereto corresponding to the answer. The return is an answer to the alternative writ. *State ex rel. v. Everett*, 52 Mo. 89; Wood on Mandamus, 43. If any distinction exists, it would seem that even greater strictness is required in the fulness, or completeness, of the return than in the answer. High, in his work on extraordinary legal remedies, at section 460, says: "The proper function of the return is to show, not merely what would be a *prima facie* right in the respondent, in the absence of any allegation to the contrary, but to show a right to refuse obedience to the writ in view of the allegations which it contains and if it fails to do this it is demurrable." Now, the return here is in the nature of a confession and avoidance—confessing the judgment

liability, but seeking an avoidance of the writ of *mandamus*, because within the purview of that constitutional limitation on the power to levy taxes as contained in said section 11, article 10. The return, then, should set out *all the facts necessary* to bring the defense within such section. By that section of the constitution the annual rate of taxation for city and town purposes "in cities and towns having less than ten thousand and more than one thousand inhabitants" is fixed at not to exceed fifty cents on the one hundred dollars' valuation, etc. But by an express provision of the same clause such limitation is made to apply to taxes for payment of indebtedness *thereafter* accruing, and shall *not* apply to taxes to pay valid indebtedness existing at the adoption of the constitution, or bonds which may be issued in renewal of such indebtedness. This return in question fails to show for what account the judgment, owned by the plaintiff, was rendered—whether the indebtedness existed at the adoption of the constitution (November 30, 1875), or whether since created. There is nothing on the face of this record, or within the allegations of said return, that shows to which class of indebtedness plaintiff's claim belongs. If the said judgment was for or on account of indebtedness existing at the adoption of the constitution, or for bonds given in renewal thereof, then said restriction as to taxation did not apply. Even admitting the general rule to be that a limitation or restriction is imposed on the taxing power, and that the case of prior or existing indebtedness is an exception to that general rule, yet since the exception is contained in the same section, along with the general rule, it rests upon those seeking protection under the terms of the section to negative the exception, and show, as in this case, that the matter demanded is not within the exception. *State ex rel. v. Clark*, 42 Mo. 523; *Russel v. Railroad*, 83 Mo. 511; Sedgwick on Construction of Stat. & Const. Law, 50. The return, then, failing to set

up such facts as required under section 11, article 10, *supra*, so as to excuse defendants from making the levy of taxes demanded, it was rightfully judged insufficient. The judgment, therefore, of the circuit court is affirmed. All concur.