FARMERS FEED CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12398. Promulgated February 29, 1928.

*Arthur B. Hyman, Esq.*, and *Karl D. Loos, Esq.*, for the petitioner.
*A. C. Baird, Esq.*, for the respondent.

ARUNDELL: To the proposed deficiencies the petitioner has interposed the bar of the statute of limitations. For the fiscal year 1917 the tax has been assessed and jurisdiction arises on the rejection in part of an abatement claim. For the fiscal years 1918, 1919, and 1920, the Commissioner has determined deficiencies from the notice of which this proceeding was brought. For the reasons which will hereafter appear, the proposed deficiency for the year 1917 will be treated separately from those for the later years.

In determining the question raised as it applies to the fiscal year 1917, we are confronted in the first instance with the necessity of determining whether the pleadings are sufficient on which to base a conclusion. It is alleged and admitted that the return was filed on May 1, 1918; that the additional tax of $123,367.78 was assessed on March 19, 1923, and that the notice of the rejection in part of the abatement claim filed in connection therewith was mailed to petitioner on December 29, 1925.

Section 250(d) of the 1921 Act, the one in effect when the assessment was made, provided for a period of five years from the date the return was filed within which to assess and collect the tax. Section 278(d) of the Revenue Act of 1924, the Act in effect when the notice of December 29, 1925, was mailed, provided, however, that a tax assessed within the period provided by the statute might be collected at any time within six years after assessment, provided, however, that this section was not to revive a claim already barred at the time of its passage on June 2, 1924. As more than five years had expired from the date of the filing of the return at the time of the passage of the 1924 Act, it appears that the collection of the tax for that year is barred unless there existed facts which would extend the period within which the tax might be collected.

This brings us to the real question that has been raised by the respondent, and that is, whether it is necessary for the petitioner to allege and prove facts which show that it is not within the exceptions set forth in the statute which may serve to extend the statutory period of assessment and collection. In reaching a correct conclusion we are confronted at the outset with the unusual character of the proceedings before the Board. A petitioner is in fact asking for a review of an affirmative action by the Commissioner. The hearing before the Board is in the nature of a trial *de novo*, and the taxpayer is the moving party and must sustain the burden of proof, and yet he is simply defending himself from a proposed action by the Commissioner. In one sense of the word he is a defendant and yet before the Board his position is that of a plaintiff. It is for that reason that it is difficult to apply the principles laid down in many of the deci-

sions as to what must be alleged and proved by a defendant desiring to plead the statute of limitations or by a plaintiff who would avoid the running of the statute.

It is stated as a general rule (37 C. J. 1224), that the plea of limitations need not negative matters which might be set up in avoidance of the plea such as exceptions contained in the statute. As set forth on page 1231 of this same work, it is for the opposing party by appropriate pleading to set up matters in avoidance. The rule as laid down is (37 C. J. 1231):

Where one party pleads the statute of limitations, the opposing party may by reply or other appropriate pleading set up any exception to, or matter in avoidance of, the statute which is relied upon to take the case out of the statute of limitations, such as a part payment within the statutory period. But a replication or reply setting up such matter in avoidance must be responsive to the plea, and not allege a cause of action not relied on in the complaint. It is proper to deny a plea of limitations generally, and also to set up matters in avoidance, although, except where allowed by statute or code practice, a reply stating more than one exception to the statute, or more than one defense to the plea, is bad on account of duplicity.

\*　　\*　　\*　　\*　　\*　　\*　　\*

Where a party against whom limitations has been pleaded attempts to bring himself within a particular saving or exception, he must state with distinctness and particularly all such facts as are essential to bring him within such exception, and the pleading in avoidance is ordinarily insufficient, if it consists of mere general allegations, or of statements of the evidence of facts, instead of the facts themselves, or presents mere matters of law. But it is sufficient to allege that the action could not be brought because the courts were closed by reason of war, where the facts as to time are alleged, or to allege facts showing defendant to be estopped to plead limitations. (P. 1233.)

In 17 R. C. L., pp. 999, 1000, it is said:

At common law, and frequently under statutory provision, the rule has been recognized that the plaintiff need not anticipate, and attempt to avoid, in his complaint, the defense of the statute of limitations, but that if it is pleaded as a defense, and the facts bring the case within any of the exceptions to the statute, the proper practice is to set them up in reply. \* \* \* If the statute of limitations is relied on as a bar, the plaintiff, if he would avoid it by any exception in the statute, must explicitly allege it in his bill, or specially reply to it, or amend his bill if it contains no suitable allegation to meet the bar. \* \* \* A similar situation also exists in respect of the defendant, it being held that in pleading the statute he is not called upon to negative exceptions contained in the statute or to show that the plaintiff does not fall within any of such exceptions.

In *Platt* v. *Vattier*, 9 Pet. 405, the rule is thus stated by Mr. Justice Story:

And the doctrine is now clearly established, that if the statute of limitations is relied on as a bar, the plaintiff, if he would avoid it by any exception in the statute, must explicitly allege it in his bill, or specially reply to it; or what is the modern practice amend his bill, if it contains no suitable allegation to meet the bar.

# 1074

A question very similar to the one raised by the respondent herein was before the Circuit Court of Appeals for the Sixth Circuit in the case of *Crissey* v. *Merrill*, 125 Fed. 878–885, wherein the court said:

Concerning the first of these contentions, it is sufficient to say that when the defendants invoked the statutory bar of three years as a defense it was the duty of the plaintiff below, if the bar was not applicable because they had concealed themselves or been absent from the state, to establish that fact by competent evidence. When it appears on the trial of a case, where the statute of limitations is pleaded, that the indebtedness became due beyond the statutory period, the courts do not presume, in favor of the plaintiff who seems to have been negligent, that the defendant has concealed himself to avoid the service of process or has been absent from the state, but require the plaintiff to make such proof. If the defendant proves a state of facts which brings him within the operation of a general rule, he need not prove further that his case does not fall within an exception that would deprive him of the benefit of the rule, but may call upon the plaintiff to prove affirmatively that his case is within the exception and that the general rule is not applicable. This is the general doctrine (*State of Missouri, to the use of Ladd* v. *Clark, et al.*, 42 Mo., 519, 523; *McMillan* v. *Cheeney*, 30 Minn., 519, 521, 16 N. W., 404) ; and it seems to be a doctrine which is fully recognized by the Supreme Court of Kansas (*Young* v. *Whittenhall*, 15 Kan., 579, 581). In that case the court observed " it has always been the duty of the plaintiff, both in courts of law and in courts of equity, to plead the exceptions where the question of the statute of limitations has been properly raised by the defendant. And it never was the duty of the defendant, in such a case, to negative the exceptions, *Zane* v. *Zane*, 5 Kan., 137."

In the case of *Scott* v. *Christenson*, 80 Pac. 731, the plaintiff had sued on a promissory note which appeared on its face to be barred by the statute. In order to avoid a demurrer by defendant, the plaintiff pleaded a part payment within the statutory period. The answer denied the payment and set up the statute. The trial court charged that the defendants having pleaded the statute of limitations must establish such defense by a preponderance of the proof which included proof that no payment was made within the statutory period as alleged by the plaintiff. The Supreme Court of Oregon in deciding the case pointed out, however, that to require the defendant to prove that he did not make a payment on account would be equivalent to making the averments of the complaint in this regard *prima facie* true. The court said:

In order to avoid a demurrer on the ground that the action was barred, the plaintiff was required to, and did, plead the payment. This averment is denied by the answer, and the defense of the statute of limitations pleaded. The plea is grounded on the denial, and, if the burden is on the defendants, the result will be a presumption that such payment was in fact made. *Now, the note was barred*, and therefore furnished no evidence of a present liability against the defendants, unless a payment was made thereon by them within six years prior to the commencement of the action. The burden of proof to establish such payment was on the plaintiff. * * * But the instruction, as given, *relieved him of that duty, and imposed the burden of proving a negative on the defendants;* and this we think was error.

In *United States* v. *Hayward*, 26 Fed. Cas. No. 15336, Mr. Justice Story, after discussing at length the question of the necessity of pleading negative allegations, concludes with this statement:

Without pretending to reconcile all the dicta in the books, it seems to me that in respect to negative allegations the reasonable rule is that the burden of proof shall rest on the party who holds the affirmative, and especially when the facts are peculiarly within his privity and cognizance.

The same conclusion is reached in *United States* v. *Oregon Short Line R. Co.*, 160 Fed. 526, which involved the question of whether the plaintiff, suing to recover a penalty for violation of a statute (34 Stat. 607), was required to negative an exception contained in the statute. The opinion reads in part:

Obviously it would be next to impossible for the government (plaintiff) to anticipate and by proof eliminate all the possible contingencies covered by the excepting clause. Even if it were held to be necessary for the plaintiff to plead against the exception, it might still be relieved from making proof, because it would thus plead a negative, and, further, because it pleads the absence of conditions, the evidence concerning which in many cases would be exclusively within the knowledge of the defendant.

The opinion then proceeds to quote from *United States* v. *Hayward*, a part of which we have set out *supra*.

The last two cases are decidedly in point, for the facts that may bring into operation the several exceptions to the running of the statutory period are facts which are within the Commissioner's knowledge.

Section 250(d) of the Revenue Act of 1921 provides that:

The amount of income, excess-profits, or war-profits taxes due under any return made * * * under prior income, excess-profits, or war-profits tax Acts, * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; * * *: *Provided further*, That in the case of a false or fraudulent return with intent to evade tax, or of a failure to file a required return, the amount of tax due may be determined, assessed, and collected, and a suit or proceeding for the collection of such amount may be begun, at any time after it becomes due: *Provided further*, That in cases coming within the scope of paragraph (9) of subdivision (a) of section 214, or of paragraph (8) of subdivision (a) of section 234, or in cases of final settlement of losses and other deductions tentatively allowed by the Commissioner pending a determination of the exact amount deductible, the amount of tax or deficiency in tax due may be determined, assessed, and collected at any time; * * *

Is it necessary, in the light of the cases already cited and discussed, for petitioner to allege and prove the exceptions contained in section 250(d), or is it the duty of the respondent in his answer to plead in avoidance those exceptions? In our opinion it is not necessary for petitioner to negative the exceptions and it is for respondent in his answer to affirmatively plead matters in avoidance. This rule

is entitled to added weight when we realize the relationship which exists between the parties. The Commissioner knows whether or not he has made or is now making the charge that the returns were false and fraudulent with intent to evade the tax; he knows whether or not the case is within the last proviso of section 250(d), and if there is already in existence a waiver, he has the custody of that document. There occurs to us no peculiar reason which would serve to take this case out of the general rule and to put on petitioner the burden of proving a negative. The determination of the tax controversies which are daily before us requires a highly practical handling and we see no reason why the Commissioner should stand idly by and decline to present to us any matters in avoidance of petitioner's plea if in fact the limitation period has not run by reason of an exception contained in the statute. It is interesting to note in the instant case that the deficiency notice which has been attached to the petition, as required by our rules, contains no charge that the returns were false or fraudulent with intent to evade the tax, nor does it indicate that the deficiency arose from any adjustment which would serve to take the case out of the running of the statute of limitations. The allegations of the petition being sufficient to bring the petitioner within the general rule of the statute, and the Commissioner having failed to bring himself within a particular saving or exception, the petitioner has established a *prima facie* case on the running of the statute of limitations. It follows from the foregoing that the additional assessment for the year 1917 is barred by the running of the statute of limitations.

There remains for discussion the question of whether the limitation period has run for the fiscal years 1918, 1919, and 1920. For those years assessments were not made and waivers were given. The salient facts can readily be gathered from this table:

| Fiscal year | Return filed | Waiver filed | Date of deficiency notice |
|---|---|---|---|
| 1918 | May 13, 1919 | Nov. 13, 1925 | Dec. 29, 1925 |
| 1919 | Jan. 14, 1920 | ____do____ | Do. |
| 1920 | Dec. 14, 1920 | Dec. 6, 1925 | Do. |

The petitioner makes no point of the fact that the waivers for 1918 and 1919 were given more than five years after the returns were filed, and, in fact, concedes that the waivers for 1918, 1919, and 1920 are valid in so far as they extended the time for assessment. It denies, however, that the waivers served to extend the time within which to make collection. This question was considered and decided in *Joy Floral Co.* v. *Commissioner*, 7 B. T. A. 800, adversely to petitioner's contention. In that case, as in this, the waivers were executed

and the notice of determination of deficiencies was sent out while the Revenue Act of 1924 was in effect. We there held:

That Act [Act of 1924] provided a period of six years after assessment for collection. The period in which assessment might have been made not having expired when the Revenue Act of 1926 became effective, collection was not barred and the case does not fall within section 278(e) of the latter Act.

We conclude that the deficiencies for the fiscal years ended September 30, 1918, 1919, and 1920 are not barred.

Reviewed by the Board.

> *There is no deficiency for the fiscal year ended September 30, 1917. Petitioner's motion for judgment for 1918, 1919, and 1920 is denied and the proceeding for those years will be restored to the general calendar for hearing on the merits in due course.*

MARQUETTE concurs in the result.