MARION B. ROWELL v. CITY OF MINNEAPOLIS.[1]

January 17, 1936.

No. 30,623.

[1]Reported in 264 N. W. 692.

*Herbert T. Park,* for appellant.

*Howard I. Moore* and *Thompson, Hessian & Fletcher,* for respondent.

STONE, JUSTICE.

Plaintiff appeals from an order sustaining a general demurrer to her complaint.

The contract of which she wants judicial rescission was entered into by her father, R. F. Jones, with the city of Minneapolis, September 10, 1924. Its subject matter was the real estate owned by Mr. Jones upon which he had long operated Longfellow Gardens, which the contract describes as a "zoological display." He reserved exclusive use and possession until November 1, 1934, but by deed of warranty, executed contemporaneously with the contract, the title was conveyed to the city "for park and playground purposes." Mr. Jones departed this life October 15, 1930. The complaint alleges that until his death he remained in possession, operating his "gardens" for exposition purposes and making "an annual gross revenue return therefrom in excess of $48,000. The contract gave him the right to use in connection therewith certain real estate owned by the city. As further consideration moving to Mr. Jones, certain condemnation proceedings pending against his property were dismissed, and he was promised immunity from taxation during the term of the contract. On the face of the contract, the suggestion that it was without consideration is untenable.

The complaint attacks the contract mainly upon the ground of duress. Assuming duress sufficiently pleaded, which it is not, we have a case which for purposes of the statute of limitations sounds in fraud. That being so, the right to sue for rescission on that ground was barred as to Mr. Jones at the time of his death, more than six years after the date of the contract. 2 Mason Minn. St. 1927, § 9191(6) ; McMillan v. Cheeney, 30 Minn. 519, 16 N. W. 404; Brasie v. Minneapolis Brg. Co. 87 Minn. 456, 92 N. W. 340, 67

L. R. A. 865, 94 A. S. R. 709. That disposes of the case, there being no allegation that Mr. Jones was *non compos mentis* during any of the time between the date of the contract and his death.

Affirmed.