ERNEST AND BERTHA COCA, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Coca v. Commissioner
Docket Nos. 661-72, 662-72, 663-72.
United States Tax Court
T.C. Memo 1974-241; 1974 Tax Ct. Memo LEXIS 78; 33 T.C.M. (CCH) 1076; T.C.M. (RIA) 74241; September 18, 1974, Filed. *78 Towner Leeper and Jesus Samaniego, for the petitioners. James N. Mullen, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in the Federal income taxes of petitioners for the calendar year 1967 and additions to tax under section 6653(a) of the Internal Revenue Code of 1954[2] as follows: Docket No.
Petitioners
Deficiency
Addition to Tax §6653(a) 661-72
Ernest Coca and Bertha Coca
$1,494.00
$75.00
662-72
Albert Coca and Rory Coca
1,463.00
73.00
663-72
Bella Coca
1,667.00
83.00 These cases were consolidated on a motion by respondent because of their common issues. There were no objections from petitioners. Due to our decision in this matter the only issue which will be presented is whether the assessment and collection of taxes for the year 1967 are barred by the statute of limitations. [3]
FINDINGS OF FACT Certain facts have been stipulated and are *79 so found. Ernest and Bertha Coca, husband and wife, maintained their residence in El Paso, Texas, when the petition herein was filed. They timely filed a joint Federal income tax for the calendar year 1967 with the district director of internal revenue at Austin, Texas. Albert and Rory Coca, likewise husband and wife, maintained their residence in El Paso, Texas, when the petition herein was filed. They also timely filed a joint Federal income tax return for the calendar year 1967 with the district director of internal revenue at Austin, Texas. The Cocas will hereinafter be collectively referred to as petitioners. On November 17, 1971, respondent issued deficiency notices to each of the petitioners. He determined that they had underpaid their taxes for the year 1967 and imposed on each petitioner an addition to tax under section 6653(a). By way of petition to this Court, each petitioner pleaded as an affirmative defense that the assessment and collection of tax for the year 1967 is presently barred by reason of the statute of limitations. OPINION Section 6501(a) provides a general rule that the amount of any tax imposed by the Internal Revenue Code shall be assessed within *80 three years after the tax return has been filed. [4]
Whether the above time limit had expired prior to the mailing of a statutory notice of deficiency is a question which must be brought into issue by the taxpayer. See Rice v. Commissioner, 295 F.2d 239 (C.A. 5, 1961), affirming per curiam a Memorandum Opinion of this Court. Additionally, the taxpayer bears the burden of proving that the time period provided in section 6501(a) has been exhausted. Refiners Production Co., 43 B.T.A. 481 (1941); M. A. Nicholson et al., 22 B.T.A. 744 (1931). Unless respondent shows a particular saving or exception, a prima facie case that the statute of limitations has run is sufficient. Farmers Feed Co., 10 B.T.A. 1069 (1928). The facts indicate that the Federal income tax returns of petitioners for the year 1967 were timely filed. On November 17, 1971, respondent issued a deficiency notice to each petitioner determining an underpayment in each of their respective Federal income taxes for the year 1967. By that date the time within which additional taxes for that year could be assessed had expired under section *81 6501(a). As no evidence of any of the conditions which would have prevented the tolling of the statute was presented at trial, [5] the taxes of petitioners for the year 1967 cannot now be assessed or collected. [6] See Bernicedale Coal Co., 16 B.T.A. 696 (1929). Decisions will be entered for the petitioners. Footnotes
1. Cases of the following petitioners are consolidated herewith: Albert and Rory Coca, docket No. 662-72; and Bella Coca, docket No. 663-72. ↩
2. All section references are to the provisions of the Internal Revenue Code of 1954 in effect during the taxable year in issue. ↩
3. We find it unnecessary to recite any other issues here or make findings of fact as to any other matters than those related to the statute of limitations question. ↩
4. There are, of course, various exceptions to this general rule which are not applicable here. ↩
5. See our order dated September 17, 1974. ↩
6. The additions to tax under sec. 6653(a)↩ are governed by the same rule as are the deficiencies in tax. See sec. 6659 and the regulations thereunder. Accordingly, assessment and collection of the additions to tax are barred by the statute of limitations.