RAYMOND JACOBS AND ELEANOR JACOBS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacobs v. Commissioner
Docket No. 25551-85.
United States Tax Court
T.C. Memo 1988-52; 1988 Tax Ct. Memo LEXIS 52; 55 T.C.M. (CCH) 96; T.C.M. (RIA) 88052; February 18, 1988. Stephen J. Saft and Thomas Minogue (specially recognized), for the petitioners. Robert E. Marum, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the years 1974 and 1975 of $ 76,173 and $ 237,014, respectively. After concessions, the sole issue for decision is whether consent forms extending the period of the statute of limitations for petitioners' tax years 1974 and 1975 were valid. Consent forms, Form 872, (Consent Fixing Period of Limitation Upon Assessment of Tax), were executed and *53 filed by the parties extending the statute of limitations to April 30, 1980, for both years 1974 and 1975. The parties are in agreement that the extensions are valid and correct in all respects, except for the date beside the signature of Michael Shulman ("Shulman") who signed the firms on behalf of respondent, as Group Manager for the Internal Revenue Service, District of Manhattan. That date on the Forms 872 is "November 1, 1980," which petitioners argue must stand as written with the result that the consents are untimely. Respondent argues that the ate was inadvertently in error and that the correct date for Shulman's signature, as supported by all other evidence, was November 1, 1978, which was timely. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation and the exhibits attached thereto are incorporated herein by reference. Raymond Jacobs and his wife, Eleanor Jacobs, (herein referred to as petitioners) were residents of New York, New York when they filed their petition. Petitioners filed their Federal income tax return for calendar years 1974 and 1975 on October 3, 1975 and July 8, 1976, respectively. Absent a valid extension *54 of the time prescribed in section 6501(a)[1] for the assessment of tax, the period of limitations on assessment for the calendar year 1974 expired on October 3, 1978, and for the calendar year 1975, on July 8, 1979. Petitioners are respondent agreed to extend the period of assessment for calendar year 1974 to April 30, 1979. Shulman has an undergraduate degree from Adelphi University and a master's degree in accounting from City College of New York. He has worked for the Internal Revenue Service for 24 years in the following capacities: Office Auditor; Revenue Agent; Staff Assistant to the Chief of the Examination Division; Office Audit Branch Chief; Field Audit Group Manager; Returns Program manager; and International Group Manager. Shulman was employed as a Field Audit Group Manager for the District Director, Manhattan District, during the period from January 1, 1978 until December 1979. As a Group Manager, Shulman was responsible for ensuring that no statute *55 of limitation expired on any of the returns in his group's possession. From December 1979 until January 1982, Shulman was employed as a Returns Program Manager for the District Director, Manhattan District, and no longer had signatory responsibility with respect to the statute of limitations. There were both computer and manual controls to monitor the statute of limitations. One of the controls consisted of a "C" card, which was maintained for each return in Shulman's group in an alphabetical file. During September and October of each year, agents were notified of any returns they had with the statute of limitations expiring before the second succeeding March. Each agent was then responsible for preparing a Form 895, (Notice of Statute Expiration), listing the statute date. When the Group Manager received the Form 895, he removed the "C" card, which was placed in a file by statute date, and the Form 895 was placed in a "C" card file as a substitute "C" card. Each agent also maintained a "D" card which listed all of the agent's cases. A card existed for every return Shulman had in his group filed by statute expiration date. The computer controls sent out listings of imminent *56 statutes and dates. Inventory listings required explanations as to what happened for each statute date. When a revenue agent received a signed Form 872 due from the taxpayer, he stamped it in and took the Form 872 to the Group Manager with the entire case file. The Group Manager reviewed the Form 872, executed it, and gave it back to the revenue agent. At the same time as the Group manager signed the Form 872, he updated the "C" card, the "D" card, and the Form 895, and also updated the statute of limitations on the computer record. In the instant case, the Form 895 for the taxable year 1974 contains the initials of Shulman next to the listed expiration dates of April 30, 1979, and April 30, 1980, on line 11. The Form 895 for the taxable year 1975 for petitioners contains the initials of Shulman next to the listed expiration date of April 30, 1980. Shulman made notations in the box numbered 11 on the Forms 895 for petitioners' 1974 and 1975 taxable years on the same day he signed Forms 872. The purpose of the entries in the box numbered 11 on the Form 895 is to record the current statute date after the Form 872 is signed. Shulman initiated but did not date either Forms *57 895 in the instant case. The parties executed the Forms 872 for the taxable years 1974 and 1975; Shulman as Group Manager signed each form and entered the date "November 1, 1980," next to his name. Both Forms 872, however, were stamped received by the Audit Division of the Manhattan District Director's office on November 1, 1978. November 1, 1980, was a Saturday. Shulman did not work on Saturdays while he was Group Manager. Shulman was not employed as a Group Manager for the District Director, Manhattan District, on November 1, 1980. OPINION Section 6501(a) of the Internal Revenue Code of 1954 provides the general rule that: The amount of any tax imposed by this title shall be assessed within 3 years after the return filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.
Section 6501(c)(4) proivides an exception as follows: (4) EXTENSION BY AGREEMENT. -- Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, * * * both the *58 Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The parties are in agreement that all extensions through December 31, 1985, are valid and in effect (the notice of deficiency for the years 1974 and 1975 was mailed on April 11, 1985), provided that the chain was not broken by Shulman's writing in the date "November 1, 1980," which is the issue before us. In arguing the applicability of the 6501(c)(4) exception, respondent bears the burden of proving that the exception is applicable. See Bonwit Teller & Co. v. Commissioner,10 B.T.A. 1300 (1928); Farmers Feed Co. v. Commissioner,10 B.T.A. 1069 (1928). Petitioners argue that the evidence presented in the form of oral testimony by respondent's delegate, Shulman, the party responsible for executing the consents on respondent's behalf, is not admissable, that the date "November 1, 1980," as clearly shown on the consents must be accepted *59 at face value, that therefore the consents are untimely, and that absent valid consents, the period prescribed in section 6501(a) applies and respondent's notice of deficiency is untimely. Petitioners further argue that even if we decide that indirect evidence is admissable, respondent has not met his burden of proof. Respondent contends that in satisfying his burden of proving the validity of the waivers, he may introduce extrinsic evidence that such consents were properly executed and cities Cindrich v. Commissioner,T.C. Memo. 1984-294, affd. without published opinion 770 F.2d 1067 (3d Cir. 1985); Mantzel v. Commissioner,T.C. Memo. 1981-169; and Peters v. Commissioner,T.C. Memo. 1978-219 in support of this position. Respondent further contends that he has satisfied his burden of proof. We agree with respondent. In Mantzel v. Commissioner, supra, respondent's delegate was allowed to testify concerning normal office procedures with respect to a consent form which the taxpayer's and respondent's delegate had signed but not dated and which was not stamp dated. In Mantzel, we found that respondent *60 had not carried his burden of proof after evaluating all the evidence, and that the statute of limitations had expired on the assessment of the deficiency. Specifically, it was noted that if the Internal Revenue Service had followed its usual office procedures the Form 872 would have been stamped with the date of receipt, reviewed by a revenue agent to verify its timely receipt, and signed and dated by the returns program manager, the person in charge of signing and dating the extensions in that Internal Revenue Service office. We found, however, that such form did not travel the usual channels within the Internal Revenue Service district office. The form was not stamp dated when received and no evidence was presented that it was in fact examined by a revenue agent. Moreover, the failure to include a stamp date suggested that it was not examined by such an agent. Additionally, it had been signed by the returns program manager, but he too failed to date the form. In total, we were unpersuaded by the testimony of respondent's delegate that he followed usual office procedures. In Cindrich v. Commissioner, supra, we also permitted respondent to introduce secondary *61 evidence as to the validity of a consent form. In Cindrich, the taxpayers alleged that consent forms executed between the taxpayer and respondent were invalid for failure of respondent's agent to date his signature thereon. In determining the validity of the Form 872, we permitted the revenue agent who had procured the consent form to testify concerning his involvement with the form after its procurement and as to normal office procedures with respect to the signing and dating of consent forms, and based on this testimony, corroborated by a properly dated Form 895, shifted the burden of going forward with the evidence to the taxpayers to show the invalidity of the subject consent. We see no reason why we should not afford respondent the same opportunity in this case. We find persuasive Shulman's testimony that internal office procedures were followed. Shulman, the Group Manager, signed the Forms 872 in question and both Forms 872 were stamped received by the Audit Division, Manhattan District Director's office on November 1, 1978. Shulman testified that he most likely signed the subject Forms 872 on November 1, 1978, the receipt date. The testimony is consistent with his *62 signing other Forms 872 on the same date as the stamp date. [2] Shulman further testified that when a revenue agent in his group received a Form 872 from a taxpayer, he would stamp it in and take the Form 872 to Shulman with the entire case file. Schulman would then review the Form 872, execute it and give it back to the agent. The Form 872 in question was stamp dated November 1, 1978, and Shulman's regular practice was to sign the form, date the form and then have the form stamp dated. The documents in the instant case are ambiguous, having been stamp dated November 1, 1978 but signature dated November 1, 1980. The evidence supports a finding that Shulman signed the Forms 872 on the date of receipt, November 1, 1978, but inadvertently while focusing on the extension year of "1980" wrote "November 1, 1980," instead. The fact that Shulman was not employed as Group Manager in November 1980, and that November 1, 1980, was a Saturday, a day when Shulman rarely, if ever, worked, bolster this conclusion. *63 Petitioners argue, nevertheless, that the cases we rely on have permitted indirect proof of waivers of the statute of limitations through admission of evidence with IRS records and procedures only where the actual documents were incomplete, ambiguous, [3] missing or destroyed. As the original consents are complete, in existence and in the sole possession of the Service and where, in fact, introduced into evidence as joint exhibits in this case, petitioners contend that respondent's indirect evidence should not be admitted and that the documents should be required to stand on their own. Petitioners argue that Cindrich v. Commissioner, supra, and Mantzel v. Commissioner, supra, are therefore distinguishable and should not apply. We disagree. Our inquiry is whether the Form 872 was signed in a timely fashion and executed prior to the running of the period of limitations. Both Mantzel and Cindrich permit the use of extrinsic evidence to determine such an *64 issue. We find that the consent forms in question were timely executed. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Schulman's executing the questioned Forms 872 on the receipt date, November 1, 1978, is consistent with his practice, as established by the other Forms 872 which he executed and dated on the same day or near the stamp date that are part of the record: ↩
Individual and
Dates
Dates Shown as
Capacity
Extended Date
Dates Executed
Stamped Received
Executed by
Executing
For Period of
By Petitioners
By Respondent
Respondent
For Respondent
Assessment
1974
Michael Shulman,
Feb. 8, 1978
Feb. 16, 1979
Feb. 16, 1978
Group Manager
April 30, 1979
Michael Shulman,
Oct. 24, 1978
Nov. 1, 1978
Nov. 1, 1980
Group Manager,
April 30, 1980
Michael Shulman,
Aug. 21, 1979
Nov. 26, 1979
Nov. 26, 1979
Group Manager
June 30, 1981
1975
Michael Shulamn
Oct. 24, 1978
Nov. 1, 1978
Nov. 1, 1980
Group Manager
April 30, 1980
Michael Shulman
Aug. 21, 1979
Nov. 26, 1979
Nov. 26, 1979
Group Manager
June 30, 1981
3. Petitioners argue that the Forms 872 were unambiguous since they were clearly dated November 1, 1980. We disagree. The November 1, 1978, stamp dates create an ambiguity. ↩