## The People v. Newton McCausey.

*Criminal law—Statute of limitations.*

1. Under How. Stat. sec. 9507, which deducts from the six-years limitation for the prosecution for crimes the time " during which the party charged was not *usually* and *publicly* a *resident* within the State," only such *absence* can be deducted as *destroys* residence.

2. Criminal cases do not stand on the same necessity as civil cases, as regards the statute of limitations, for absence does not prevent an indictment, while it does the beginning of a civil action. It is a hardship to postpone criminal proceedings so long that testimony may be lost and the truth difficult to get at, and a long delay in complaining does not usually further justice.

Error to Ionia. (Smith, J.) Argued January 27, 1887. Decided February 10, 1887.

Information for forgery. Respondent was convicted and sentenced. Reversed and respondent discharged. The facts are stated in the opinion.

*F. H. Stowe* and *F. D. M. Davis,* for respondent.

*Moses Taggart,* Attorney General, for the People.

CAMPBELL, C. J. An opinion was handed down in this case based on the record presented to us, in which the information appeared to be fatally defective, as charging no crime. It now appears that counsel overlooked the error in the printed record, and that the original record on file contains a sufficient information. It becomes necessary to consider the defense of the statute of limitations.

It appears that respondent has always lived in this State, but that several years ago he was absent for several months; his absence in all, if deducted from the period between the commission of the crime and the filing of the information,

reducing the period of his actual presence in the State to less than six years.

The statute of limitations applying to crimes deducts from the six-years limitation such time "during which the party charged was not usually and publicly a resident within the State." How. Stat. § 9507.

It is not mere absence from the State which this statute refers to, but such absence as destroys residence. Otherwise persons would be unable to leave home for any purpose without incurring the risk of consequences which were never contemplated. In *Campbell v. White*, 22 Mich. 178, the defendant lived immediately over the line, within a mile or two of Detroit, yet her residence in Windsor was held to be the governing consideration. We think the two statutes were meant to be substantially the same. Criminal cases really do not stand on the same necessity as civil cases, for absence does not prevent an indictment, while it does prevent the beginning of a civil action. It is a hardship to postpone criminal proceedings so long that testimony may be lost and the truth difficult to get at. A long delay in complaining does not usually further justice. We think there was nothing in this case to take it out of the statute.

The conviction must be set aside, and the prisoner discharged.

SHERWOOD and CHAMPLIN, JJ., concurred. MORSE, J., did not sit.