## STATE v. ALBERT TUPA.[1]

May 24, 1935.

No. 30,429.

*Charles L. DeReu,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, and *Joseph P. O'Hara,* County Attorney, for the State.

[1]Reported in 260 N. W. 875.

JULIUS J. OLSON, JUSTICE.

The county attorney of McLeod county presented to the district court of that county an information charging the defendant with the crime of being an accessory after the fact to a felony in violation of 2 Mason Minn. St. 1927, § 9918, which reads:

"Every person not standing in the relation of husband or wife, parent or child, to the offender, who, after the commission of a felony, shall harbor, conceal, or aid such offender, with intent that he may avoid or escape from arrest, trial, conviction, or punishment, having knowledge or reasonable ground to believe that such offender has committed a felony or is liable to arrest, is an accessory to the felony."

The information charged that defendant on October 13, 1925, having knowledge that one Johnson had killed one Miska, "did then and there harbor and aid the said John Johnson, by then and there assisting the said John Johnson in concealing and hiding the dead body of the said Frank Miska, with intent then and there had and entertained by him the said Albert Tupa, that he the said John Johnson, should avoid and escape from arrest, trial, conviction and punishment for said crime, against the form of the statute," etc. The information was made and filed November 26, 1934, and on that day defendant was arraigned. He demurred thereto upon the following grounds: (1) That the information did not state "facts necessary to constitute the offense of accessory to the crime of murder"; (2) that the crime "was committed more than three years before the filing of the information and therefore is outlawed"; (3) "that the facts stated in the information did not constitute a public offense." The court overruled the demurrer, and defendant duly excepted. Thereupon defendant entered a plea of guilty. Judgment of conviction was pronounced and defendant sentenced to an indeterminate term in the state penitentiary, not exceeding five years. Defendant later moved for an order setting aside the judgment of conviction, also that the court reconsider its former order overruling the demurrer and that such demurrer be sustained; that if such motion be denied that the court grant a new trial. The

court refused to grant any relief, and defendant has appealed from the judgment and also from the order denying his blended motion.

Presented here are the following issues:

(1) Is the three-year statute of limitations, 2 Mason Minn. St. 1927, § 10655, a bar to prosecution so that a demurrer will lie, or is the statute purely defensive, thereby casting upon defendant the burden of proof?

(2) Did defendant by entering a plea of guilty waive the benefit of the statute?

Section 10655 reads:

"Indictments for murder may be found at any time after the death of the person killed; in all other cases, indictments shall be found and filed in the proper court within three years after the commission of the offense; but the time during which the defendant shall not be an inhabitant of, or usually resident within, this state, shall not constitute any part of the said limitation of three years."

Section 10690 provides that the defendant may demur to an indictment when it appears from the face thereof:

"5. That the indictment contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or *other legal bar* to the prosecution." (Italics ours.)

If this statute is a "legal bar," necessarily the offense charged cannot now be punished.

The state in its brief clearly states its position in this way:

"The question now presented is whether it is necessary to allege in an information which sets the date of the crime more than three years previous to the date of the filing of the information that the defendant was not an inhabitant of, or usually resident within, this state, a sufficient length of time to void the application of the statute of limitation or whether a demurrer to such information should be sustained if no such allegation is set forth. It is the state's contention that it is not necessary to set forth the exception in the indictment or information."

In support thereof United States v. Cook, 17 Wall. 168, 21 L. ed. 538, and other cases are cited. The basis for that decision and the many others cited and relied upon by the state is that the accused cannot by demurrer set up the statute of limitations as a defense but must either plead the statute or raise the issue by appropriate objection under the general issue. This is founded upon the logical theory that a "statute of limitations is never part of an offense, but always a matter of defense." Thompson v. State, 54 Miss. 740, 744. And in Biddinger v. Commissioner of Police, 245 U. S. 128, 129, 38 S. Ct. 41, 43, 62 L. ed. 193, it is said that "the statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases," citing United States v. Cook, 17 Wall. 168, 21 L. ed. 538. Upon this theory the California court in Ex parte Blake, 155 Cal. 586, 102 P. 269, 18 Ann. Cas. 815, held that the statute of limitations could not furnish a ground for release of the accused by *habeas corpus*. To the same effect are 12 R. C. L. 1206; 29 C. J. 44; In re Johnson, 117 Kan. 136, 230 P. 67, 37 A. L. R. 1114.

We find some measure of support to the rule contended for by the state amongst our own decisions. See Trebby v. Simmons, 38 Minn. 508, 38 N. W. 693; Hardwick v. Ickler, 71 Minn. 25, 73 N. W. 519; Board of Co. Commrs. of Itasca County v. Miller, 101 Minn. 294, 112 N. W. 276; Thornton v. City of East Grand Forks, 106 Minn. 233, 118 N. W. 834. These cases and many others are carefully reviewed in the opinion of Ferrier v. McCabe, 129 Minn. 342, 152 N. W. 734. We think the following quotation from that opinion appropriate to the facts here for review [129 Minn. 344, 345]:

"In this state suits at law and in equity are in the same tribunal, and the rules of pleading and practice applicable to each ought to be the same, as nearly as may be. No distinction should be made between the effect of demurrers as pleadings. And we hold that where the complaint clearly shows that, since the cause of action stated therein accrued, the time allowed by the statute for bringing suit expired before the suit was brought, and no fact is set forth avoiding the operation of the statute, the complaint is demurrable.

Swing v. Barnard-Cope Mfg. Co. 115 Minn. 47, 131 N. W. 855, and Fitger Brewing Co. v. American Bonding Co. of Baltimore, 115 Minn. 78, 131 N. W. 1067, seem to be decided upon the rule stated.

"It has been suggested that this rule requiring plaintiff to antici-pate a defense which the defendant may waive, and which does not go to the merits of the action, is illogical. Dunnell, Minn. Pl. § 729; 2 Dunnell, Minn. Dig. § 5659. The rule relates to a matter of prac-tice, and it is more important that it be certain and workable than that it be theoretically consistent with legal traditions. It is work-able, for, if the statute is pleaded as a bar, the allegations need simply be that more than the statutory time expired between the accrual of the cause of action and the bringing of the suit. It then devolves on plaintiff to allege the exceptions, if the complaint on its face discloses the lapse of time. McMillan v. Cheeney, 30 Minn. 519, 16 N. W. 404; West v. Hennessey, 58 Minn. 133, 59 N. W. 984. If the defense of the statute be raised by demurrer, plaintiff has 20 days within which to amend the complaint as a matter of course, and, if it be a case where he is unable to state his cause of action without disclosing the bar of the statute, he may and should aver in the amended complaint the fact which tolled its running."

In Roe v. Widme, 191 Minn. 251, 253-254, 254 N. W. 274, 276, it was held:

"Where the complaint on its face shows that the action is barred by the statute of limitations, the defendant has the option of pre-senting that defense by demurrer or by answer, for the defense that a complaint fails to state a cause of action is not waived by failure to demur. 2 Mason Minn. St. 1927, § 9252.

"The statute of limitations is a statute of repose. The courts have no power to extend or modify the period of limitation pre-scribed thereby. While there are early decisions applying a strict construction indicating that the defense of the statute is not looked upon with much favor, it is now more liberally construed, and the courts regard the statute with favor as a statute of repose. Brasie v. Minneapolis Brg. Co. 87 Minn. 456, 464, 92 N. W. 340, 67 L. R. A. 865, 94 A. S. R. 709. The statute is a valid and legal defense, when

applicable to the facts, and presents a meritorious defense whether raised by answer or demurrer."

Even "insanity arising subsequent to the accrual of a cause of action does not arrest the running of the statute." 4 Dunnell, Minn. Dig. (2 ed.) § 5614.

It commences to run against a cause of action from the time the cause accrues, *i. e.* from the time an action thereon could be commenced. *Id.* § 5602. Statutes of limitation are applicable to legal proceedings generally. The right sought to be enforced, not the form of procedure, is the test. *Id.* § 5597.

If this case involved civil liability only, there can be no doubt that under our decisions the demurrer would have to be sustained. This question as applied to criminal proceedings does not seem to have been directly determined by this court. Counsel inform us that this is so, and our own search has brought to light no case decisive of the issue. The solution is not one to be lightly considered. The trend and tendency of public opinion is that those accused of crime have been accorded too many avenues of escape; that our criminal procedure is cumbersome and full of technical difficulties of which defendants take advantage. But our interest in and desire for improvement of criminal procedure and law enforcement in general cannot be made bases for narrow and unnatural distinctions in applying statutory law. If there are sound reasons for distinguishing the rights of one accused of crime from one whose wrongdoing is measured by compensable damages, the reasons for such distinction should clearly appear. Civil liability, as we have seen, could not be imposed upon defendant where, as here, the face of the accusation clearly establishes that the cause has been put to rest by a valid statute of repose. Is it fair, logical, or reasonable to hold that one accused of crime should be treated with less consideration than one who uses the same means or avenue of escape from a contractual obligation, or from liability for a tort where perhaps the tort itself involved a criminal act? In State v. Rank, 162 Minn. 393, 203 N. W. 49, it was held that the operation of the statute of limitations is not suspended by merely filing

an. information within the time permitted by § 10655. The court said:

"Unless the information is filed to enable the accused to enter a plea of guilty as provided by § 10667, it must be presented to the court within three years after the date of the commission of the offense with which the accused is charged."

There the defendant was charged with concealing stolen securities. He moved to set aside the information by reason of the statute. The lower court held against him. Upon appeal this court held that the motion should have been granted, and the lower court's order was reversed with directions that the information be set aside. In State v. Kiewel, 166 Minn. 302, 207 N. W. 646, 647, it was held that a plea of former jeopardy could be challenged by demurrer. It was suggested, however, that a motion to strike is the better practice. But as the case determines that such issue may be raised on demurrer it would seem logical enough to apply the same reasoning to our present situation. The court said [166 Minn. 306]:

"In view of the possibly exclusive effect of the statutory enumeration of pleas to an indictment, there is some question whether pardon, former jeopardy or the statute of limitations *(where the bar does not appear from the face of the indictment)*, can be asserted by plea in advance of the trial or whether they can be availed of only under the general issue at the trial." (Italics ours.) Citing 16 C. J. p. 416.

In 16 C. J. p. 222, § 340, it is said:

"In most jurisdictions, however, there are statutes limiting the time within which prosecutions for crime may be commenced. Such statutes are to be given a reasonably strict construction in favor of accused and against the prosecution." (See cases cited under note 51). In the same volume, p. 230, § 355, the rule is stated thus: "If a statute provides that an indictment must be found within the period of limitation, a failure to find the indictment within such period bars the prosecution of the offense, and making a com-

plaint before a magistrate and procuring a warrant for the arrest of accused, although there is a preliminary hearing and binding over, does not take the case out of the statute."

We think upon the present record the demurrer should have been sustained and that it was error for the trial court to overrule the same.

■ The next issue presented is whether, as claimed by the state, defendant by his plea of guilty "waived any defects in the information and the defense of the statute of limitations." Waiver has been frequently defined in our cases. See 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 10134.

"Waiver is a voluntary relinquishment of a known right. Voluntary choice is of the essence of waiver, and not mere negligence. * * * Waiver is either the result of an intentional relinquishment of a known right or an estoppel from enforcing it. It is largely a matter of intention. It must be based on a full knowledge of the facts."

The record disclosed that defendant immediately prior to what took place in the instant case had been tried for the murder of Miska. The jury acquitted him. During the course of the closing argument of his attorney, this appeal was made by him:

"Now, when I opened this case I stated to you that there will be three verdicts, but there will be only two verdicts because the court has rightfully ruled that the charge of accessory after the fact is not in this case. But the county attorney can bring it, and that can be done after this case is over and we will be right there to meet that charge and Mr. Tupa will be here and plead guilty to that crime, by finding a verdict of not guilty you are not leaving him off without a heavy penalty.

"Now, he hasn't done such an awful offense, he is only an accessory after the fact. Now take that boy, no father, you are taking away from him his father. However, if you find him not guilty he will be found guilty of accessory after the fact. There is an opportunity. First degree murder is life. The other one merely is not such a heavy fine if—"

The Court: "I don't think it is proper for you to discuss that feature of the case. There is no evidence here that he will plead guilty to anything, and you are not warranted in saying that he will plead guilty to anything."

"Counsel ceased this line of argument and directed his argument to other phases of the case."

When in the instant case defendant was required to enter his plea, as has already been noted, defendant's counsel filed a demurrer. At that time the court said to counsel:

"The other day I understood you to say to the jury that you were willing to come in and plead guilty. Have you changed your mind?

Mr. DeReu: "I feel I should file the demurrer.

The Court: "The demurrer will be overruled. I will tell you that right now."

Defendant excepted. A recess was taken. When court reconvened that afternoon defendant entered his plea of guilty. From the oral examination immediately prior to sentence, it appears that defendant was born in and always has been a resident of McLeod county; that he was married and had a son of the age of 15 years; that he had never been convicted of any crime; that he was engaged in farming. We quote the following as also having some bearing:

Examined by the Court: Q. "You told the story the other day about your connection with this killing, didn't you?

A. "Yes.

Q. "You claim that you didn't know about the murder?

A. "No.

Q. "Until after Mr. Miska was killed, but that you helped hide the body?

A. "Yes.

Q. "You kept it a secret until you were arrested here recently?

A. "Yes.

Q. "You never told anybody?

A. "No."

It seems to us that what defendant actually did was to admit the act without thereby intending to waive his right under the statute.

It is not reasonable to suppose that any man would do so. "Courts may assume that parties will invoke the statutes when they are sued." 4 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 5598. The case to which Dunnell refers is Sundberg v. Goar, 92 Minn. 143, 148, 99 N. W. 638, 640, a civil action, wherein the court said:

"People, as a rule, are not impressed with moral obligations to any considerable extent when resort to the strong arm of the law is had to compel them to meet legal obligations and duties. As a rule, all defenses and means in avoidance of liability are resorted to, and the statute of limitations pleaded whenever it will facilitate escape."

There is no suggestion in the record that the plea of guilty was made with any hope or understanding of leniency being granted. As a matter of fact the court imposed the full statutory penalty. If defendant had gone to trial the statute would have afforded him a complete bar to conviction and consequent punishment. Under such circumstances we do not believe that defendant intended to waive or relinquish a "known right." He promptly moved to have the court reconsider its order overruling his demurrer. He has been diligent since in seeking the relief that the law affords.

We conclude that upon the facts here appearing the judgment of conviction and sentence thereunder should be reversed and defendant discharged from custody.

So ordered.

STONE, JUSTICE (dissenting).

The question is one of criminal procedure, and I object to a rule which *requires* the courts to discharge a defendant and protect him from the appropriate punishment after his own formal plea of guilty, especially where he has had competent counsel. If, later, the executive power sees fit to exercise the power of pardon, the question will be one with which judges have no concern.

Where no local law prevents, and in the interests of uniformity, if for no other reason, my own view is that we should follow the rule of the Supreme Court of the United States. Such a rule, declared in United States v. Cook, 17 Wall. 168, 179, 21 L. ed. 538, is

that where no special plea is open to the accused (and none is with us, State v. Kiewel, 166 Minn. 302, 207 N. W. 646), the defense of a statute of limitations must be made under the general issue. The court said [17 Wall. 179]:

"Accused persons may avail themselves of the statute of limitations by special plea or by evidence under the general issue, but courts of justice, if the statute contains exceptions, will not quash an indictment because it appears upon its face that it was not found within the period prescribed in the limitation, as such a proceeding would deprive the prosecutor of the right to reply or give evidence, as the case may be, that the defendant fled from justice and was within the exception."

There is no question here but that every element of the offense was properly charged by the information. Whether defendant was entitled to the benefit of the statute of limitations depended upon disclosures to be made by evidence. It being matter of defense, the burden of proof was upon him. It is not a question, I submit, of what the rule is in civil cases. Without further exploration of the analogy, if any, my submission on that point is simply that, even in a civil case, if after a defendant's demurrer is overruled he withdraws all defenses and confesses judgment, there is an end of the matter finally adverse to him. For these reasons I dissent.

DEVANEY, CHIEF JUSTICE (dissenting).

I concur in the dissent.