PEOPLE v DALTON

Docket No. 78-1902. Submitted February 6, 1979, at Grand Rapids.—
Decided July 10, 1979.

Calvin Dalton was charged in an indictment with obtaining
money by false pretenses and with violation of the securities
law. At the preliminary examination, the indictment was
quashed. The prosecutor then filed a new complaint, warrant
and information charging the same offense. Defendant moved
to quash the information on the ground that the statute of
limitations had run. The Kent Circuit Court, John T. Letts, J.,
denied the motion and the defendant appeals by leave granted.
*Held:*

In the absence of a statute specifically providing for tolling of
the statute of limitations while the improper indictment was
pending, the statute continued to run. The new information
was filed more than six years after the offense charged; there-
fore, the trial court erred in denying the defendant's motion.
The statute of limitations does not run, however, during any
period when the accused was not a resident of the state.
Because there was some testimony at the preliminary examina-
tion that the defendant was absent from Michigan for a period
of time during the six-year period, the case is remanded for
further fact-finding on this issue, if the prosecution so desires.

Reversed and remanded.

1. INDICTMENT AND INFORMATION — LIMITATION OF ACTIONS — TOLL-
ING OF STATUTE — INVALID INDICTMENT OR INFORMATION.

Generally, the return of an indictment or the filing of an infor-
mation on which no valid conviction or judgment can be had
will not, in the absence of statute expressly so providing,
operate to stop the running of the statute of limitations pend-
ing the return or filing of another indictment or information.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 163.
[2] 21 Am Jur 2d, Criminal Law § 155.
[3] 21 Am Jur 2d, Criminal Law § 154 *et seq.*

2. LIMITATION OF ACTIONS — CRIMINAL LAW — STATUTES — CON-
   STRUCTION OF STATUTES.

   Statutes of limitation on criminal prosecutions are to be liberally
   construed in favor of the accused, and exceptions from the
   benefits of such statutes are to be construed narrowly or
   strictly against the state.

3. LIMITATION OF ACTIONS — CRIMINAL LAW — TOLLING OF STATUTE
   — INVALID INDICTMENT OR INFORMATION — STATUTES.

   Michigan has no statute specifically providing for the tolling of
   the statute of limitations for criminal prosecutions during the
   pendency of an improper indictment or information; therefore,
   the statute of limitations continued to run where an indictment
   was returned but was later quashed, and a subsequent com-
   plaint, warrant and information filed more than six years after
   the criminal offense charged was ineffective unless the accused
   was, during the six-year period, not a resident of the state,
   during which time of nonresidence the statute did not run
   (MCL 767.24; MSA 28.974).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Donald A. Johnston,* Chief Appellate Attorney, for the people.

*James W. Zerrenner,* for defendant.

Before: D. F. WALSH, P.J., and J. H. GILLIS and T. M. BURNS, JJ.

T. M. BURNS, J. This Court granted defendant leave to file an interlocutory appeal in this case to consider an important question concerning inter-pretation of the statute of limitations for criminal cases. MCL 767.24; MSA 28.964. The question is whether a criminal prosecution begun by filing a complaint, warrant and information more than six years after the date of the last act charged therein is barred where the same offenses had been charged in an indictment within the six-year pe-riod, but the indictment had been quashed.

Both the indictment which was quashed and the information which is in issue here alleged that defendant had on October 21, 1970, and diverse other dates between that date and January 1, 1971, engaged in conduct which amounted to obtaining funds over $100 by false pretenses, MCL 750.218; MSA 28.415, and was also a violation of the securities law. MCL 451.501, 451.809; MSA 19.776(101), 19.776(409).

The indictment was returned on October 17, 1975. For reasons not adequately explained by the record, the preliminary exam was not held until January 11, 1977. After the hearing, the district court issued an opinion and order quashing the indictment because the one-man grand jury had taken no testimony and the prosecution refused to comply with the discovery order issued by the circuit court. See *People v Bellanca,* 386 Mich 708; 194 NW2d 863 (1972), GCR 1963, 787. The order dismissing the indictment was filed February 3, 1977.

The prosecutor made no attempt to appeal the dismissal of the indictment. Instead, a different prosecution was begun by filing a new complaint, warrant and information on February 22, 1977. An examination was held and defendant bound over to circuit court on April 20, 1977. Defendant moved to quash the information on the ground that the statute of limitations had expired. The motion was denied. We granted leave June 23, 1978.

The statute at issue provided:

"An indictment for the crime of murder may be found at any period after the death of the person alleged to have been murdered; indictments for the crimes of kidnapping, extortion, assault with intent to commit murder and conspiracy to commit murder shall

be found and filed within 10 years after the commission of the offense; all other indictments shall be found and filed within 6 years after the commission of the offense; but any period during which the party charged was not usually and publicly resident within this state shall not be reckoned as part of the time within which the respective indictments shall be found and filed." MCL 767.24; MSA 28.964.

In denying the motion to dismiss, the trial court found there are three basic types of limitations statutes for criminal cases: (1) statutes which provide that an indictment must be found and returned within a specified time after the commission of the offense charged; (2) statutes which do not refer to the time of the finding of an indictment or the filing of an information, but merely provide that prosecutions must be commenced within the specified time; and, (3) statutes which provide that the statute of limitations is tolled for a specified period of time if an indictment or information is quashed, set aside, dismissed, or otherwise fails. See, Anno: *Findings or returning of indictment or information within period of limitation as stopping running of limitation against prosecution,* 90 ALR 452. Citing *People v Clark,* 33 Mich 112 (1876), *People v Clement,* 72 Mich 116; 40 NW 190 (1888), and *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959), the circuit court held that Michigan's statute of limitations was a type 2 statute and the limitations period was tolled from the time the prosecution was "commenced". The court further found that this prosecution was commenced with the return of the original indictment and thus properly brought within the six years allowed by the statute.

Both *Clark* and *Clement* were prosecutions for seduction. The statute under which these prosecu-

tions were had, How Stat § 9283,[1] provided that "no prosecution shall be commenced under this * * * section, after one year from the time of committing the offense". That statute was and is a "commencing" statute of limitations, but it is not applicable here and its language must be contrasted with the "found and filed" language of the applicable statute.

*Hendershot* involved the proper statute but answered a different question. In *Hendershot,* the complaint was filed and a warrant issued in 1951. Defendant was serving a term in prison so a detainer was filed with the prison authorities. Defendant was not prosecuted for that offense until 1958. The main question in the case dealt with an interpretation of the 180-day rule, MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.* The Court's entire analysis of the statute of limitations question is contained in a single paragraph:

"Defendant says the statute of limitations (CLS 1956, § 767.24 [Stat Ann 1954 Rev § 28.964]) has run because the warrant, when issued, was not placed in the hands of an officer for service, so as to toll the running of the statute. The record contains no support for the factual assertion. It does disclose that upon issue of the warrant a detainer was filed against the defendant with prison authorities. That is the extent of what an officer properly could have done about serving the warrant at the time. This served to toll the statute." 357 Mich at 304.

The most that can be extracted from this brief passage is that for cases where no indictment is "found and filed" the statute is tolled by filing a complaint and having a warrant issued. In the present case the complaint was filed and the war-

---

[1] This statute is currently MCL 750.532; MSA 28.800.

rant was issued more than six years after the last act charged in the information.

The real problem lies with the effect to be given the indictment which was quashed. This question has not been faced in this state. In other jurisdictions, "Generally, the return of an indictment or the filing of an information on which no valid conviction or judgment can be had will not, in the absence of a statute expressly so providing, operate to stop the running of the statute of limitations pending the return or filing of another indictment or information." 21 Am Jur 2d, Criminal Law, § 163, pp 229-330. See also, 22 CJS, Criminal Law, § 237 (stating a similar rule).

As noted above, our statute requires that the indictment be found and filed within six years. Under *Hendershot,* for prosecutions begun by complaint and warrant, they must be issued within six years. Under our statute, it is not enough that the prosecution merely be "commenced", as might be sufficient in some states; certain acts must be done within the period of limitations or the prosecution is barred.

"Protection from prosecution under a statute of limitations is a substantive right, not a mere procedural one; in all cases subject to limitation the period prescribed by the statute is jurisdictional, the time within which an offense is committed is a jurisdictional fact, and it is incumbent on the state to prove that the offense was committed within the time fixed by the statute.

"Although statutes of limitation on criminal prosecutions are to be accorded a rational meaning in harmony with the obvious intent and the purpose of the law, such statutes are to be liberally construed in favor of the accused, and exceptions from the benefits of such statutes are to be construed narrowly or strictly against

the state." 21 Am Jur 2d, Criminal Law, §§ 154-155, pp 223-224 (footnotes omitted).

The trial court's conclusion on this point was incorrect. Since Michigan has no statute specifically providing for tolling while the improper indictment was pending, the statute continued to run.[2]

Having reached what we consider the correct interpretation of the statute as it relates to these facts it might seem that defendant is entitled to be discharged. However, the statute does not run during any period "during which the party charged was not usually and publicly resident within this state".[3]

There was some testimony at the preliminary exam that defendant was absent from this state from July 4, 1974, to November 26, 1975. The district court excluded defense testimony to the contrary and the circuit court, given its interpretation of the statute, did not reach this question. It is only fair that we remand for further evidence and fact-finding on this point if the prosecution

---

[2] *People v Curtis,* 389 Mich 698; 209 NW2d 243 (1973), provides some support for this analysis. *Curtis* held that a prosecuting attorney had discretion to nol-pros at the magistrate level and that the circuit court could not require that the accused be examined on a higher charge than is alleged in the information. The Court pointed out that, prior to our nolle prosequi statute, a prosecutor could nol-pros a prosecution on his own at any time and later retract the nolle prosequi and immediately proceed on the original indictment. The Court pointed out that the nolle prosequi statute "had the effect of requiring a prosecuting attorney who entered a nolle prosequi after indictment to obtain a new indictment and begin proceedings anew if he wished to reinstate the original charge". The Court concluded: "Today, as long as jeopardy has not attached, *or the statute of limitations not run,* our law permits a prosecutor to reinstate the original charge on the basis of obtaining a new indictment and thus beginning the process anew." 389 Mich at 706 (emphasis added).

[3] This language was construed in *People v McCausey,* 65 Mich 72; 31 NW 770 (1887), and the holding in that case shall guide the circuit court on remand.

desires to press it further. If defendant was not absent from the jurisdiction as claimed below, the statute was not tolled for this reason and defendant is entitled to be discharged.

Reversed and remanded for proceedings not inconsistent with this opinion.