STATE of Minnesota, Respondent,

v.

Rodney Allen Emil JOHNSON, Appellant.

No. C1-87-1990.

Court of Appeals of Minnesota.

April 5, 1988.

Review Denied May 16, 1988.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, William P. Simons, Sp. Asst. Martin County Atty., Jackson, for respondent.

Marc Kurzman, Kurzman, Grant, Manahan, Bluth & Barker, Minneapolis, for appellant.

Heard, considered, and decided by WOZNIAK, C.J., and SEDGWICK and SCHUMACHER, JJ.

## OPINION

WOZNIAK, Chief Judge.

Appellant Rodney Johnson pleaded guilty to three counts of First Degree Intrafamilial Sexual Abuse, involving sexual abuse of his daughter occurring in September, October, and November 1981. He was charged with these crimes in 1986, and disputes the

timeliness of the complaint under the statute of limitations. We affirm.

## FACTS

In January 1986, appellant's minor son disclosed (to workers at the treatment center the son was attending) the existence of nude pictures of his sister. He had discovered these pictures in 1978 or 1979 hidden under appellant's bed, when his sister would have been 11 or 12 years old. At the time, appellant was a member of the Minnesota State Highway Patrol.

At a February 6, 1986 group therapy session at the adolescent treatment center, the son disclosed his discovery to appellant. Appellant indicated he was "sick then," and did not deny taking the pictures. The treatment center reported the possibility of sexual abuse of the sister to the local police on February 21, 1986. The police investigated the report during the next two months.

Appellant's daughter, born April 29, 1966, was contacted and interviewed. She currently resides in California with her mother who was divorced from appellant in October 1983. Appellant moved out of the family's house in the summer of 1983, but then lived in a trailer house near the home and often stayed at the home until the time of the divorce. Appellant continued to visit the children on a monthly basis until they moved to California. The daughter indicated appellant sexually abused her, including numerous acts of sexual contact and penetration, from 1976 through 1982.

In April 1986, a complaint charging appellant with four counts of intrafamilial sexual abuse was filed, the dates of which were "1976 through 1982." Appellant moved for dismissal on the ground that the statute of limitations in effect at the time of the criminal acts had run, and that the information provided by the son was privileged, and therefore inadmissible.

At the omnibus hearing, the state filed several police investigative reports which were assembled by various law enforcement agencies. They included statements by appellant's ex-wife, the daughter he abused, and the son who initially revealed the information that led to the daughter's revelations. There also were statements of friends and acquaintances of appellant, all describing the manner in which he ran his household.

The trial court denied the motion to dismiss based on the statute of limitations. The court ruled the criminal charge was timely because the statute of limitations (seven years) at the time the acts were charged was applicable, rather than the statute (three years) in effect at the time of the acts. The court also specifically found that, pursuant to *State v. Danielski*, 348 N.W.2d 352 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. July 26, 1984), and *State v. French*, 392 N.W.2d 596 (Minn.Ct.App. 1986):[1]

> It is also clear that defendant effectively controlled the complaining witness by a course of conduct over many years of intimidation and threats such that she was compelled to hide the acts of defendant.

The trial court also denied the privilege claim.

After the court denied this motion, appellant pleaded guilty to three counts of first degree intrafamilial sexual abuse committed in September, October, and November 1981. The plea agreement provided appellant would plead guilty to three counts in return for the state dismissing all other counts. The state agreed to several other concessions in return for the guilty plea, including an agreement to limit possible incarceration to one year. The guilty plea transcript and plea agreement make no reference to preservation of any issues for appeal. There were no other conditions.

Appellant was sentenced to a term of 65 months, execution stayed on several conditions, including 20 years probation and one year incarceration in the county jail.

## ISSUES

1. Has appellant waived his right to appeal the statute of limitations issue?

---

1. Both cases provide for a tolling of the statute of limitations where the defendant engages in a course of conduct which intimidates the victim into not reporting the criminal acts.

2. Were these charges brought within the applicable statute of limitations?

## ANALYSIS

1. A guilty plea by a counseled defendant operates as a waiver of all non-jurisdictional defects arising prior to the entry of the plea. *State v. Ford*, 397 N.W. 2d 875, 878 (Minn.1986); *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn.1980). The correct procedure for obtaining review of pretrial criminal orders without going to trial was outlined in *Lothenbach*. The defendant could plead not guilty, stipulate the facts, waive the jury trial, and appeal any judgment of conviction. *Id.*, 296 N.W.2d at 857–58 (citing *Lefkowitz v. Newsome*, 420 U.S. 283, 290 n. 7, 95 S.Ct. 886, 890 n. 7, 43 L.Ed.2d 196 (1975)).

Unless appellant's statute of limitations defense is jurisdictional, he has waived appellate review of this issue. The Minnesota Supreme Court has not directly ruled on the question of whether the statute of limitations defense is jurisdictional. In *State v. Tupa*, 194 Minn. 488, 495, 260 N.W. 875, 878 (1935), the court addressed the issue of whether a defendant had waived the criminal statute of limitations defense. The *Tupa* court found the defendant had not waived the defense, and proceeded to the merits of the claim. The trial court did not, however, specifically rule on whether the statute of limitations defense was jurisdictional.

The federal courts have addressed the issue of whether the statute of limitations defense is jurisdictional and when it may be waived. The clear consensus, and the modern trend, holds that the defense is in the nature of an affirmative defense, and hence is nonjurisdictional. *See United States v. Walsh*, 700 F.2d 846, 855 (2nd Cir.1983) (statute of limitations defense not jurisdictional, waived by failure to assert it at trial; may not be asserted for first time on appeal); *United States v. Doyle*, 348 F.2d 715, 718 (2nd Cir.), *cert. denied*, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965) (defendant may not raise issue of statute of limitations after pleading guilty to offense in question); *United States v. Parrino*, 203 F.2d 284, 286–87 (2nd Cir.1953) (same); *United States v. Karlin*, 785 F.2d 90, 92–93 (3rd Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987) (defense not jurisdictional, waived if not presented to trial court); *United States v. Williams*, 684 F.2d 296, 299 (4th Cir.1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983) (defense not jurisdictional, may be waived at defendant's request); *United States v. Meeker*, 701 F.2d 685, 687 (7th Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983) (defense not jurisdictional, waived by failure to present it to trial court); *United States v. Akmakjian*, 647 F.2d 12, 14 (9th Cir.), *cert. denied*, 454 U.S. 964, 102 S.Ct. 505, 70 L.Ed.2d 380 (1981) (defense not jurisdictional, waived unless raised at trial); *United States v. Wild*, 551 F.2d 418, 421–23 (D.C.Cir.1977) (statute of limitations an affirmative defense, not jurisdictional; written waiver valid); *accord, Biddinger v. Commissioner of Police*, 245 U.S. 128, 135, 38 S.Ct. 41, 43, 62 L.Ed. 193 (1917) ("The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases."); *but see Benes v. United States*, 276 F.2d 99, 109 (6th Cir.1960) (defense jurisdictional; dicta); *Waters v. United States*, 328 F.2d 739, 743 (10th Cir. 1964) (relying on *Benes*). State courts have split on this issue. *See State v. Littlejohn*, 199 Conn. 631, 639–40, 508 A.2d 1376, 1380–81 (1986) (collecting cases from a number of jurisdictions).

We have decided to join the majority of federal circuits in adopting the nonjurisdictional view of the statute of limitations defense. We do this for a number of reasons.

First, the rule makes sense in a case of this type, where the defense may be met with a showing by the state that the statute of limitations is tolled for factual reasons. If the defense were jurisdictional, a defendant could raise it for the first time on appeal. However, as in this case, a specific factual finding (of active coercion by defendant) by the trial court would toll the statute of limitations. If appellant could raise this issue for the first time on

appeal, this factual issue would not have been addressed in the trial court, and this court would be forced to remand for a determination of the facts. Thus, holding this defense to be jurisdictional would make little sense.

Second, as noted in several cases, it hardly makes sense for the appellant to be allowed to waive important constitutional rights but be foreclosed from waiving the statute of limitations. *See Wild*, 551 F.2d at 424–25, *Littlejohn*, 199 Conn. at 640–41, 508 A.2d at 1381.

Finally, Minnesota case law supports such a result. *Tupa* certainly implies such a defense may be waived; the case discusses at length whether the defendant waived the defense. *See also State v. Rigg*, 250 Minn. 370, 375, 84 N.W.2d 640, 645 (1957) (defendant who pleads guilty while represented by competent counsel waives all defenses other than that information charges no offense).

2. While we need not reach appellant's argument regarding the applicable statute of limitations, we note the trial court, the state, and appellant all have differing interpretations of Minn.Stat. § 628.26 and its various amendments. In the interest of clarifying the law, we will reach the merits of this issue.

The state argues two different theories for interpreting the statute of limitations to allow prosecution over four years after commission of this crime.

A. Statutory construction.

■ In 1981, when the crime was committed, the statute of limitations was three years. Minn.Stat. § 628.26 (1980).

The legislature again amended the statute of limitations for this crime in 1984. The amended statute indicated the longer statute of limitations was applicable to all cases where the victim was under 18 years of age. 1984 Minn.Laws Ch. 496 § 1. The statute neither gave an effective date nor indicated whether it applied retroactively. The effective date, by failure to list otherwise, became August 1, 1984. Minn.Stat. § 645.02 (1984). The supreme court recently decided this amended statute of limitations does not act retroactively. *State v. Traczyk*, 421 N.W.2d 299 (Minn. Feb. 26, 1987).

B. Application of *Danielski*.

■ In *State v. Danielski*, this court ruled that:

Where the same parental authority that is used to accomplish the criminal sexual acts against a child is used to prevent the reporting of that act, the statute of limitations does not begin to run until the child is no longer subject to that authority.

*Id.*, 348 N.W.2d at 357. The court relied on the fact that the victim remained under the coercive authority of the perpetrator of the sexual abuse in allowing the charges to be filed beyond the period provided in the statute of limitations. *Id.* The child, when removed from the coercive environment, reported the abuse and charges were filed a short time thereafter.

In *State v. French*, this court agreed the facts were not enough to bring the case within the rule of *Danielski*. The victim did not reside with the abuser, and there were no threats of physical harm which would constitute "active coercion." *Id.*, 392 N.W.2d at 599. The ruling implies, by quoting trial court language, that the coercive authority must be in addition to that which characterizes every instance of intrafamilial sexual abuse. *Id.*

In the case before us, the recorded statements of the victim and appellant's ex-wife support the trial court's finding that appellant exerted "active coercion" beyond that characterizing every instance of such abuse. The daughter's fear of father clearly contributed to the silence about the crime, which was not broken until the brother revealed the existence of the pictures.

When she was 5 or 6, appellant locked his daughter in a county jail cell (prisoners were in the other cells) and left the area for a short period of time. During the period of abuse, appellant repeatedly told her she would be put in jail if she told anyone of the abuse. Discipline of appel-

lant's children included whippings with a belt, kicking (with pointed boots on) the children, and slapping the children in the face with the back of his hand. This physical abuse was meted out for any violation of father's rules, and was not always consistent with *any* rule violation. The children were "terrified of him," and his wife described him as a "dictator."

The daughter's statement indicates she did what he said, or appellant would ground her or beat her. She was "really intimidated by him." She felt he controlled her life until August of 1984, when she moved to California with her mother.

■ Appellant complains that the trial court's factual finding, that the daughter was under the active coercion of father, was unnecessary to the determination of the issue before the court. He argues that if this court agrees that *Danielski* is applicable, this case should be remanded for the trial court to conduct a hearing on whether the child was under father's continuing coercive influence.

Appellant is in error regarding the necessity of remand for a factual determination of this issue. Prior to the omnibus hearing, appellant asserted the statute of limitations barred the prosecution. At the omnibus hearing, the state introduced numerous transcribed statements of individuals with knowledge of the manner in which appellant interacted with his family. The trial court found, on the basis of these statements, that appellant actively coerced his daughter.

Appellant did not object to the introduction of the statements into the record at the omnibus hearing. He presented no witnesses of his own, despite the fact that he had asserted the statute of limitations as a defense and the state was asserting the application of *Danielski*. After the factual finding by the court, appellant failed to object to that finding, and did not request a hearing on the issue he now attempts to assert on appeal. We find appellant has waived his right to contest the finding of the trial court on this issue. *State ex rel. Rasmussen v. Tahash*, 272 Minn. 539, 550, 141 N.W.2d 3, 11 (1965) (failure to object

waives right to appeal admission of evidence).

The charges were brought in April 1986, less than two years after appellant ceased terrorizing this child. The charges, under *Danielski*, were brought within the statutory three-year period. The atmosphere of active coercion was sufficient to toll the statute of limitations for 16 months.

Appellant seeks to distinguish *Danielski* on the basis of the amount of time involved in that case. In *Danielski*, the crime was charged less than a month after the statute had run. The reasoning and rule announced in *Danielski* clearly do not support this factual distinction. Active coercion of the victim could continue for years, given the right set of circumstances.

## DECISION

Appellant's guilty plea waived his nonjurisdictional statute of limitations defense. Even if the issue were properly before this court, *Danielski* operates to toll the statute of limitations for this crime during the period under which the appellant actively coerced the silence of his daughter.

Affirmed.