PEOPLE v ALLEN

Docket No. 125332. Submitted September 5, 1991, at Lansing. Decided
January 21, 1992, at 10:10 A.M.. Leave to appeal sought.

Lee M. Allen pleaded nolo contendere in the Midland Circuit
Court, Thomas A. Beale, J., to a charge of first-degree criminal
sexual conduct and was sentenced to ten to twenty-five years'
imprisonment. He appealed, alleging that the court abused its
discretion in sentencing him and that the sentence imposed
constitutes cruel or unusual punishment. He also alleged that
the court erred in denying his motion to quash the information
because the charge had been filed in 1980, was dismissed in
January 1989 when the prosecutor filed a nolle prosequi, and,
therefore, the six-year period of limitation of MCL 767.24; MSA
28.964 had expired when the complaint was refiled in July
1989. The court denied the motion after finding that, pursuant
to MCL 767.24; MSA 28.964, the period of limitation had been
tolled during the ten-year period following the commission of
the offense because the defendant had not usually and publicly
resided in the state during that period.

The Court of Appeals *held*:

1. Whether the defendant had been usually and publicly
resident within the state during the ten-year period was a
question for the trier of fact.

2. The statute of limitations defense may be waived in a
criminal proceeding because it is not jurisdictional in the strict
sense of the word. An unconditional plea of guilty or nolo
contendere waives the statute of limitations defense because,
even though the effect of a successful defense is to prevent the
state from obtaining a conviction, the purpose of the statute of
limitations relates to determining a defendant's factual guilt.
The defendant waived the statute of limitations defense in this
case.

3. The sentence did not violate the state or federal constitu-
tional prohibition of cruel or unusual punishment, and the
court did not abuse its discretion in imposing the sentence.

Affirmed.

References

Am Jur 2d, Criminal Law §§ 227-229, 497, 498.
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

1. CRIMINAL LAW — LIMITATION OF ACTIONS — TOLLING — RESIDENCY — JURY QUESTIONS.

   Whether a defendant was usually and publicly resident within the state following the commission of certain crimes, for purposes of determining whether the statute of limitations regarding when indictments with regard to such crimes shall be found and filed has been tolled, is a question for the trier of fact (MCL 767.24; MSA 28.964).

2. CRIMINAL LAW — LIMITATION OF ACTIONS — GUILTY PLEAS — PLEAS OF NOLO CONTENDERE — WAIVER.

   An unconditional plea of guilty or nolo contendere waives a statute of limitations defense.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Norman W. Donker,* Prosecuting Attorney, for the people.

*Allsopp, Fitzgerald, Kolka & Wackerly, P.C.* (by *Neil P. Wackerly*), for the defendant on appeal.

Before: DANHOF, C.J., and SHEPHERD and MARILYN KELLY, JJ.

SHEPHERD, J. Defendant entered a plea of nolo contendere to a charge of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was sentenced to ten to twenty-five years' imprisonment. He had been charged with criminal sexual conduct involving separate incidents with a four-year-old boy and a nine-year-old girl. The film in defendant's camera allegedly contained a photograph of the male victim performing fellatio apparently upon the person taking the photograph. Defendant pleaded nolo contendere to the charge involving the boy. He appeals as of right, contending that the trial court abused its discretion in sentencing him, that the sentence is cruel or unusual, and that the trial court erred in denying his motion to quash the information, in which defendant argued that the period of limita-

tion had expired. Because it is a threshold question, we address the last issue first.

Defendant recites the following facts. On October 22, 1980, a warrant for the arrest of defendant was authorized and issued, charging him with first-degree criminal sexual conduct and alleging that the offenses took place on July 20, 1980, and on October 11, 1980. On or about January 10, 1989, the prosecutor dismissed the charges by the filing of a nolle prosequi, reasoning "that a substantial period of time has passed and Defendant has not been apprehended and no public purpose would be served by further prosecution thereof." The prosecutor does not dispute these facts.

The charges were reinstated by the refiling of the complaint and issuance of a warrant on July 18, 1989, after the authorities discovered defendant's location when he applied for a Michigan driver's license. Defendant moved to quash the information on the ground that the six-year period of limitation in MCL 767.24; MSA 28.964 had expired. That statutory section formerly provided:

> An indictment for the crime of murder may be found at any period after the death of the person alleged to have been murdered; indictments for the crimes of kidnapping, extortion, assault with intent to commit murder and conspiracy to commit murder shall be found and filed within 10 years after the commission of the offense; all other indictments shall be found and filed within 6 years after the commission of the offense; but any period during which the party charged was not usually and publicly resident within this state shall not be reckoned as part of the time within which the respective indictments shall be found and filed.

The statute was amended by 1987 PA 255, effective March 30, 1988, which designated the forego-

ing as subsection 1, made stylistic changes, and added the following subsection:

> (2) Notwithstanding subsection (1), if an alleged victim was under 18 years of age at the time of the commission of the offense, an indictment for an offense under section 145c or 520b to 520g of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.145c and 750.520b to 750.520g of the Michigan Compiled Laws, may be found and filed within 6 years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later. [MCL 767.24; MSA 28.964.]

Defendant argued below that the filing of the nolle prosequi in January 1989 rendered the prosecution subject to a statute of limitations defense upon the refiling of the charges after the expiration of the six-year period. The prosecutor responded that the statute of limitations was tolled because defendant was out of the state and evading the authorities for much of the time between the filing of the original charges in 1980 and his discovery in Michigan by the police in 1989.

Defendant testified at a hearing on the matter that from 1980 to 1989 he resided with various friends and relatives in Michigan, except that during 1986 he resided with an uncle in California. He further testified that on October 11, 1980, the date of the second alleged offense, he was hospitalized after an automobile accident. Defendant stayed in the hospital for about one week and then stayed with acquaintances in Roseville, Michigan. He did not go back to his apartment in Bay City, but instead abandoned his possessions there. The following colloquy ensued between defendant and the prosecutor:

> *Q.* Well, would you agree, sir, there was some-

thing that made you leave this area without taking your personal property with you, without taking the time to tell anybody where you were going, picked up your paychecks, you just split?

*A.* That's true.

*Q.* All right. What caused you to do that?

*A.* I don't know.

*Q.* Wasn't the fact that you knew that you were under arrest for your contact with these children; was it? [Sic.]

*A.* No.

*Q.* You would agree, would you not, that is certainly the mark that is someone on the run?

*A.* That's right.

*Q.* Would you agree that that is, you know, by just leaving everything, that is certainly an indication that you don't want, number one, um, to get away from this area, and you don't want people to know where you're going?

*A.* That's what it would indicate.

*Q.* That's what happened; wasn't it. That's why you did it?

*A.* I don't know.

*Q.* There isn't any reason you can think of why you would do such a think [sic]; is there?

*A.* I don't know.

Defendant also testified that he lost his job around the time of his hospitalization. Thereafter, he "went from a job having some skill to . . . cash under the table minimum wage employment" in bars and motels. Defendant ceased paying state and federal income taxes, did not apply for a Michigan driver's license between 1980 and June or July 1989, and did not apply for public assistance during periods of unemployment. Defendant admitted that he did not "do anything to let people know where they could get a hold of [him]." He had testified at a prior hearing regarding being released on bond that he "was tired of running,"

and that before August 1987, when he began living with his mother in Alpena, his "whereabouts" was "back and forth" between Detroit and California.

At the conclusion of the hearing, the trial court denied defendant's motion to quash the information on the basis of its finding that defendant had not "usually and publicly" resided in this state during the approximately ten-year period following the alleged offenses and that the statute of limitations was therefore tolled. Notwithstanding the court's determination regarding defendant's residence, for purposes of the motion to quash, the trial court stated: "I want to . . . inform the Defendant that the Court is also of the opinion that this could be and very possibly would be a question for the jury."

In this Court, defendant argues (1) that the issue is one for the trial court, (2) that the issue should, like a claim of entrapment, "survive [a] guilty plea since a correct determination of the issue would have resulted in a mandatory dismissal of the charges," and (3) that the trial court erred in concluding that the statute of limitations was tolled.

In regard to the first part of defendant's argument, we do not agree that the question here was one for the court. In *People v Price,* 74 Mich 37, 43-44; 41 NW 853 (1889), our Supreme Court held that the question whether a defendant was usually and publicly resident in the state was a question for the jury. This principle was referred to in this Court's more recent opinion holding that a trial court properly submitted to the jury the question whether the limitation period had expired where the facts regarding the date of the charged offense were in material dispute. See *People v Wright,* 161 Mich App 682, 685-686; 411 NW2d 826 (1987). Defendant's citation of *People v Dalton,* 91 Mich

App 246; 283 NW2d 710; 18 ALR4th 1196 (1979), does not support his argument that the question is for the court. That case did not address whether the court or the jury should determine if the statute of limitations had been tolled.

The second prong of defendant's argument raises the substantial question whether defendant waived his right to rely on the statute of limitations by entering an unconditional plea of nolo contendere. Defendant makes only a terse argument that the issue survived the plea herein, and the prosecutor does not address the issue at all.

In *People v New,* 427 Mich 482, 495-496; 398 NW2d 358 (1986), our Supreme Court held:

> [A] criminal defendant may appeal from an unconditional guilty plea or a plea of nolo contendere only where the claim on appeal implicates the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged. Such rights are never waived by a plea of guilty or nolo contendere. Where the claim sought to be appealed involves only the capacity of the state to prove defendant's factual guilt, it is waived by a plea of guilty or nolo contendere.

We have found no Michigan case addressing whether an unconditional plea of guilty or nolo contendere waives the statute of limitations defense. However, various other courts have generally addressed waiver of the defense and some have addressed the particular question presented here.

Formerly, three federal circuit courts of appeal adhered to the view that the statute of limitations was jurisdictional and therefore could be raised even after trial, and could never be waived. See *State v Lambrechts,* 585 A2d 645, 646-647 (RI,

1991) (collecting cases and holding, in accordance with trend, that the statute of limitations is an affirmative defense that may be waived). The federal circuits addressing the issue are now apparently unanimous in their view that the defense may be waived. See *United States v Del Percio,* 870 F2d 1090, 1093 (CA 6, 1989) (circuit court, formerly in minority, held statute may be waived, recognizing that "every circuit court of appeals to address the issue has held that criminal statutes of limitations are waivable affirmative defenses that do not affect the subject matter jurisdiction of the courts").

The state courts considering whether the statute of limitations may be waived remain split. Anno: *Waivability of bar of limitations against criminal prosecution,* 78 ALR4th 693, §§ 3-4, pp 697-700. However, a significant majority find the defense may be waived in general. *Id.* In regard to the specific issue in this case, we are aware of two recent decisions by state appellate courts holding that an unconditional guilty plea waives a statute of limitations defense. *State v Cole,* 452 NW2d 620, 622 (Iowa App, 1989); *State v Johnson,* 422 NW2d 14, 16-17 (Minn App, 1988).

In *State v Johnson,* the Minnesota Court of Appeals upheld the defendant's plea-based convictions of first-degree intrafamilial sexual abuse where the plea followed the defendant's unsuccessful motion to dismiss on statute of limitations grounds. In Minnesota, "[a] guilty plea by a counseled defendant operates as a waiver of all nonjurisdictional defects arising prior to the entry of the plea." *Id.* at 16. The Minnesota court noted the "clear consensus" and "modern trend" and held in accordance therewith that the defense was nonjurisdictional. *Id.* Among the reasons in support of its holding, the court noted that "it hardly makes

sense for the appellant to be allowed to waive important constitutional rights but be foreclosed from waiving the statute of limitations." *Id.* at 17. Other courts have made the same point. See *United States v Del Percio, supra* at 1094; *State v Littlejohn,* 199 Conn 631, 640; 508 A2d 1376; 78 ALR4th 675 (1986).

In this case, we do not find the defense to be "jurisdictional" in the strict sense of the word.[1] Rather, we are persuaded to join the majority of courts that hold that the statute of limitations may be waived in a criminal proceeding. We are also inclined to follow *State v Johnson, supra,* and hold that an unconditional plea of guilty or nolo contendere waives the issue. However, before we follow this decision of a foreign court, we must first determine whether the statute of limitations is within that class of quasi-jurisdictional defenses described in the holding of *People v New, supra* at 495-496 (quoted above). Under that decision, even though a defense does not affect subject-matter jurisdiction, it might nonetheless survive a plea of guilty or nolo contendere if it "implicates the very authority of the state to bring the defendant to trial."

Obviously, there is an argument to be made that the statute of limitations defense "implicates the very authority of the state to bring the defendant to trial" and constitutes a challenge to "the right of the government to prosecute the defendant." *People v New, supra* at 495. However, we ultimately conclude that an unconditional plea of guilty or nolo contendere waives the statute of limitations defense.

---

[1] We reach this conclusion notwithstanding dicta in *People v Dalton, supra,* to the effect that the period prescribed by the statute is jurisdictional. *Id.* at 251-252 (quoting 21 Am Jur 2d, Criminal Law, §§ 223-224, pp 409-410 [miscited as §§ 154-155, pp 223-224]).

In the recent decision of our Supreme Court in *People v Smith,* 438 Mich 715; 475 NW2d 333 (1991), five members of the Court addressed the waiver question in a similar context. The majority opinion did not reach the questions whether an unconditional guilty plea waives the constitutional right to a speedy trial or the statutory 180-day rule, MCL 780.131 *et seq.*; MSA 28.969(1) *et seq.* However, Justice Boyle authored a concurring opinion signed by Justices Griffin and Riley that opined that both rights were waived. Justice Brickley, in an opinion signed by Chief Justice Cavanagh, found that the constitutional right was waived, but opined that the statutory right was not waived because of language in MCL 780.133; MSA 28.969(3) providing that upon a violation of the 180-day rule, "no court of this state shall any longer have jurisdiction . . . ." *Id.* at 733-743 (dissenting opinion by Justice Brickley).

The opinions of Justices Boyle and Brickley both approached the question of waiver by first casting the question as follows: whether the foregoing rights "implicate the very authority of the state to bring the defendant to trial." Justice Boyle adopted Justice Brickley's analysis of the constitutional question. *Id.* at 719 (concurring opinion by Justice Boyle). In analyzing this question, Justice Brickley looked to the purpose of the right. Similarly, both justices, in their respective opinions regarding the 180-day rule, examined the object and purpose of that statutorily created right. The conclusion adopted by five justices was that the preeminent purpose of the constitutional right was to enable the defendant to defend himself by preventing the unavailability of witnesses and the loss of their memory. The right was thus found to relate to "determining the factual guilt of the defendant," and not to be "concerned with the

ability of the state to bring the charges against a defendant in court." *Id.* at 739 (opinion by Justice BRICKLEY). Justice BOYLE found the purpose of the 180-day rule to be similar, *id.* at 722 (opinion by Justice BOYLE), but Justice BRICKLEY found other purposes paramount, *id.* at 742-743 (opinion by Justice BRICKLEY).

The purpose of a criminal statute of limitations is clearly related to determining the factual guilt of a defendant. In fact, it is the same purpose behind the right to a speedy trial. "Statutes of limitation 'are intended to foreclose the potential for inaccuracy and unfairness that stale evidence and dull memories may occasion in an unduly delayed trial.' " *State v Lambrechts, supra* at 646, quoting *United States v Levine,* 658 F2d 113, 127 (CA 3, 1981); also see *People v McCausey,* 65 Mich 72, 73; 31 NW 770 (1887) ("It is a hardship to postpone criminal proceedings so long that testimony may be lost and the truth difficult to get at. A long delay in complaining does not usually further justice."). Accordingly, we conclude that an unconditional plea of guilty or nolo contendere waives the statute of limitations defense because, even though the effect of a successful defense is to prevent the state from obtaining a conviction, the purpose of the statute relates to determining a defendant's factual guilt.

This conclusion is also supported by our reading of other portions of *People v New, supra.* For example, because a statute of limitations defense may be waived, it cannot be characterized as "one that would preclude the state from *ever* prosecuting the defendant for the crime regardless of his factual guilt." *People v New, supra* at 488 (emphasis added). Also, because it is a waivable affirmative defense that may be waived, it is, at least in one sense, not " 'like a jurisdictional defect.' " *Id* at

490, quoting *People v White,* 411 Mich 366, 387;
308 NW2d 128 (1981).

Most importantly, we conclude that the issue is
waived in light of the particular facts of this case.
After the trial court denied defendant's motion to
quash, defendant entered his plea of nolo conten-
dere on the record, at which time the following
colloquy took place between the court and defen-
dant:

> *The Court:* All right. Once more so it's under-
> stood.
> As a result of the hearing this morning, you
> understand that the matter of the Statute of Limi-
> tations is still open for presentation to the jury if
> you wanted to proceed to trial?
> *The Defendant:* I understand that.
> *The Court:* All right. So even though I decided
> it, you realize if you did have a trial, that that
> question could be answered by the trier of fact,
> which would be the jury in your case.
> *The Defendant:* Yes, sir.
> *The Court:* And you're still knowing that, want
> to plead guilty [sic]?
> *The Defendant:* Yes, sir.

Thus, even if it may yet be argued that an
unconditional plea of guilty or nolo contendere
does not ordinarily waive a statute of limitations
defense, we would still conclude from this record
that a waiver has occurred. We would be ex-
tremely " 'hesitant to allow [this] defendant to
upset a bargain by which he knowingly and intelli-
gently admitted his guilt,' " *People v New, supra*
at 492 (quoting Justice MOODY's opinion in *People
v White, supra*), and waived his right to a factfind-
er's verdict regarding the tolling of the statute of
limitations.

Finally, even if defendant were correct in his

assertion that the tolling of the statute of limitations is a question for the court, we would find no error in the conclusion of the trial court that defendant was not usually and publicly resident in the state.

Defendant also contends that the trial court abused its discretion in sentencing him. A sentencing court abuses its discretion when it violates the principle of proportionality discussed in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Under *Milbourn,* a sentence must be proportionate to the seriousness of the circumstances surrounding the offense and to the offender. The second edition of the Michigan Sentencing Guidelines "is the best 'barometer' of where on the continuum from the least to the most threatening circumstances a given case falls." *Id.* at 656. A sentence within the guidelines range is presumptively neither excessively severe nor unfairly disparate. *People v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991).

In this case, the guidelines sentence range was from 180 to 360 months. The trial court departed downward and sentenced defendant to imprisonment for 120 to 300 months, in part on the basis of a mental health professional's evaluation that defendant had sexually matured and, at the time of sentencing, presented a negligible risk to children. In light of the nature and severity of the offense in this case, we do not find that the trial court's failure to depart further below the guidelines was an abuse of discretion under the principle of proportionality.

Finally, we reject defendant's claim that the sentence imposed constitutes either cruel *and* unusual punishment, US Const, Am VIII, or cruel *or* unusual punishment, Const 1963, art 1, § 16. De-

fendant virtually abandoned this argument on appeal by failing to address the factors set forth in *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), to be considered in analyzing such a claim: (1) whether the sentence is proportionate to the crime, (2) an analysis of the evolving standards of decency, and (3) defendant's prospects for rehabilitation. We find no violation of either constitution in this regard.

Affirmed.